GRETA B. MORGAN, Appellant, v. JOHN F. DUNCAN and KENNETH DUNCAN, Doing Business as JOHN F. DUNCAN COMPANY, SYRIL P. KANE and WILLIAM H. SEIDE, JACOB H. SHAPIRO, FLORENCE KANE and EMPLOYERS CASUALTY COMPANY, a Corporation, Respondents, No. 41960—236 S. W. (2d) 281.

Division One, January 8, 1951.

Motion for Rehearing or to Transfer to Banc Overruled, February 12, 1951.

*Nelson E. Johnson* for appellant.

684

*Clyde J. Linde, Billy S. Sparks* and *Barney Patton* for respondents; *Langworthy, Matz & Linde* of counsel.

[282] VAN OSDOL, C.—Appeal from a judgment and decree of the trial court in favor of defendants and against the plaintiff on Count I of plaintiff's petition seeking to set aside an order of the Workmen's Compensation Commission approving a final settlement. See Section 3723 R. S. 1939, Mo. R. S. A. § 3723. In Count I plaintiff alleged that defendants falsely and fraudulently or mistakenly represented to her that she had no claim or cause of action at common law on account of injuries sustained when plaintiff, who was employed as a hotel clerk, stepped into the car of an elevator serving the Washington Hotel in Kansas City; that the Workmen's Compensation Commission had jurisdiction of the subject matter of her claim; and that, by such representations upon which plaintiff relied, plaintiff was induced to accept the settlement under the Workmen's Compensation Law. The second count of plaintiff's petition prayed for $75,000 damages for personal injuries allegedly due to carelessness and negligence of the defendants in the operation of the elevator car.

It is asserted by plaintiff-appellant that her injuries were not compensable under the Workmen's Compensation Law, but nevertheless she was deceived by defendants' agent into believing her injuries were compensable, and that she had no claim or cause of action at common law. She, in effect, urges that, under the facts and in [283] the circumstances, her injuries did not arise "out of and in the course of" her employment (Section 3691 R. S. 1939, Mo. R. S. A. § 3691) and that her injuries consequently were not compensable under the Workmen's Compensation Law; that the settlement under the Workmen's Compensation Law was induced by mistake or fraud; and that she is entitled to proceed in pursuing her remedy upon her claim as stated in the second count of her petition.

The courts of this and other states have often found it necessary to construe the phrase "arising out of and in the course of his employment," but it has been said no all-embracing definition has yet been framed. Every case involving the phrase should be decided upon its own particular facts and circumstances and not by reference to some formula. Wamhoff v. Wagner Elec. Corp., 354 Mo. 711, 190 S. W. 2d 915; Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S. W. 2d 601. But it has been quite uniformly held that an injury arises "out of" the employment when there is a

causal connection between the conditions under which the work is required to be performed and the resulting injury (Wahlig v. Krenning-Schlapp Grocer Co., 325 Mo. 677, 29 S. W. 2d 128); and that an injury arises "in the course of" the employment when it occurs within the period of the employment at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental thereto. Wahlig v. Krenning-Schlapp Grocer Co., supra; Phillips v. Air Reduction Sales Co., 337 Mo. 587, 85 S. W. 2d 551, and other cases therein cited; Sanderson v. Producers Commission Ass'n., 360 Mo. 571, 229 S. W. 2d 563.

Furthermore, while no Missouri case has been cited in support of the text, it has been written, "that an injury to an employee living, boarding, or lodging on the employer's premises, or at the place where the work is being done, pursuant to an express or implied requirement of the contract of hiring, if reasonably attributable or incidental to the nature of employment, or to the conditions under which he lives in the performance of his duties, is to be regarded as having arisen out of and in the course of such employment. On the other hand, the mere fact that an employee was living on the employer's premises at the time of injury does not ordinarily, of itself, render such injury compensable as arising out of or in the course of the employment where such residence on the employer's premises is merely permissive and not required, or where the injury results from a risk or danger which is not reasonably incidental to the employment." 58 Am. Jur., Workmen's Compensation, § 229, p. 736. See cases annotated in 31 A. L. R. 1251, 56 A. L. R. 512, and 158 A. L. R. 606.

It may thus be seen that in the circumstances of some cases, where the ultimate question of compensability under the Workmen's Compensation Law is presented, a supporting issue as to the requirement of the employee's residence may be determinative.

Plaintiff, Greta B. Morgan, 52 years old, the wife of Russell K. Morgan, lived with her husband in an apartment in the Washington Hotel building in Kansas City. Plaintiff is a high school graduate, and attended college two years. She has done stenographic work in two banks of Kansas City; and worked ten or twelve years as secretary to her father, an expert in air conditioning and cold storage. The husband is a railroad employee, a switchman. Plaintiff and her husband had occupied the hotel apartment since 1942. The apartment was on the third floor of the hotel building.

There was evidence tending to show that defendant John F. Duncan, doing business as John F. Duncan Company, was operating the hotel as agent of the owner or owners and generally supervised the operation of the hotel. He appeared daily in the morning and received the receipts of the previous day's operations. But a Mrs.

Hilton (now deceased) was manager of the hotel and had the immediate supervision of the employees. The staff of the hotel included Mrs. Hilton, manager; and a housekeeper, clerks and other employees.

Defendant John F. Duncan testified that he had nothing to do with the personal direction [234] of the employees, but policy making was his responsibility; that certain employees in the hotel including the day clerk were, according to policy, required to live on the premises; and that the position of clerk with residence in the hotel contemplated that the clerk was to "be subject to call any hour of the day and in emergency."

June 2, 1944, Mrs. Hilton employed plaintiff as a clerk. Plaintiff's regular hours were 9:00 to 11:30 a. m., 1:30 to 4:00 and ·6:00 to 8:00 p. m. Plaintiff testified she was not "subject to call" thereafter. Her duties consisted of taking in cash, renting rooms, giving receipts for cash collected, and entering the amounts in the guest book. Plaintiff received a monthly salary and she and her husband continued the occupancy of their apartment; but their use of the apartment, after plaintiff's employment, was "rent free." Plaintiff and husband did light housekeeping in their apartment.

The evening of August 1, 1944, the night clerk, George Eastman (now deceased), came to relieve plaintiff at 7:45. The night clerk counted the cash, and plaintiff "was gone at 7:50." Plaintiff went to her room and lay down and rested for fifteen minutes, and then started to go to the grocery store. She rang for the elevator car and attempted to get on, but, before plaintiff "got both feet on," the operator "started the elevator up." Plaintiff was thrown to the floor and, instead of lowering the car and releasing plaintiff, the elevator operator kept pulling the car up. Plaintiff was gravely injured.

R. F. Coomer, an attorney, agent of defendant John F. Duncan and of defendant insurer, testified that he had told plaintiff he was of the opinion her injuries were compensable under the Workmen's Compensation Law. This, according to the testimony of Coomer, was based upon an investigation that he had made and his recollection that plaintiff had told him, "I am required to live on the premises in order to hold this job." Plaintiff denied she had made any such statement to Coomer, and she denied that, under her contract of employment, she was required to live in the hotel.

■ It has been held that a final settlement, approved by the Commission as provided in Section 3723, supra, is irrevocable and conclusive, and the order of approval is not reviewable. Any relief against the approved settlement can be had only in a court of equity upon proof of fraud or mistake. Wors v. Tarlton, 234 Mo. App. 1173, 95 S. W. 2d 1199, writ of certorari quashed in State ex rel. Wors v. Hostetter, 343 Mo. 945, 124 S. W. 2d 1072; Bliss v. Lungstras

Dyeing & Cleaning Co., Mo. App., 130 S. W. 2d 198; Mosier v. St. Joseph Lead Co., Mo. App., 205 S. W. 2d 227. Compare State ex rel. Saunders v. Missouri Workmen's Compensation Commission, 333 Mo. 691, 63 S. W. 2d 67, wherein the approved settlement was not a final one. The order approving a final settlement under Section 3723 is sometimes called an "award," but it is not actually an award in a legal sense; yet its conclusiveness is quite as absolute as if it were an unappealed-from award, or even as if it were the final judgment of a court. Wors v. Tarlton, supra; State ex rel. Wors v. Hostetter, supra; Mosier v. St. Joseph Lead Co., supra. When an appeal has been perfected from a reviewable award upon contested issues, the reviewing circuit court may inquire into the question—was the award "procured by fraud?" Section 3732 R. S. 1939, Mo. R. S. A. § 3732. In the case of Phillips v. Air Reduction Sales Co., supra, the field of the inquiry by the reviewing circuit court into the question of whether an appealable award was "procured by fraud" under the Section 3732, supra, is likened unto the showing that is required in an action in equity to set aside a judgment on the ground of fraud, namely, that fraud was practiced in the very act of obtaining the award; that fraud operated, not upon matters pertaining to the award itself, but in the manner in which it was procured; that fraud prevented the unsuccessful party from presenting his case or defense; or that fraud otherwise went to extrinsic collateral acts or matters not examined and determined in the hearing before the Commission. See also Winchell v. Gaskill, 354 Mo. 593, 190 S. W. 2d 266; [285] Hockenberry v. Cooper County State Bank, 338 Mo. 31, 88 S. W. 2d 1031, and cases therein cited.

In the instant case the parties, plaintiff and the defendants, employer and insurer, appeared before the Workmen's Compensation Commission and requested the approval of a voluntary final settlement. Plaintiff's husband was present and joined in the request. At the conclusion of the hearing the order was made approving the settlement. Plaintiff and her husband had also signed instruments releasing defendants from all common-law liability. It is presumed the Commission performed its duty in connection with the settlement by determining that the settlement was "in accordance with the rights of the parties as given in" the Workmen's Compensation Law, including necessarily the finding that the claim was compensable under the Law and the Commission consequently empowered by the Law to approve or disapprove the settlement. Section 3723, supra; Wors v. Tarlton, supra.

Was there mistake or fraud in the procurement of the order? The Commissioner Cohn, before whom the hearing was had, was advised by plaintiff that at the time she was injured she was "not on duty," and he was further advised of the "common-law releases" which

plaintiff and her husband had signed. The Commissioner thereupon made inquiry, according to the defendants' evidence, relating to the Commission's jurisdiction of the subject matter. The defendants' agent Coomer testified, at the trial of the instant case, that in the ensuing discussion the Commissioner was told of "Mrs. Morgan being required to live on the premises of the hotel and what her duties were." The discussion was in the presence of plaintiff and her husband. The husband, in testifying as a witness at the trial of the instant case, did not deny the conversation, and the plaintiff wife did not unequivocally do so. The witness Coomer was asked, "What were the reasons that were presented before the Commissioner in the conference as to why she was not (sic) to be considered an employee although she was off duty?" To this question Coomer replied, "That she was required to live on the premises in order to have this job and was subject to call at all times for emergency reasons of various types."

If the testimony of Coomer is to be believed, it is apparent the Commission proceeded to assume jurisdiction of the claim and entered the order approving the settlement upon a consideration of the stated facts including the facts that plaintiff by her contract of employment was required to live on the hotel premises, although she was "off duty" at the time she was injured. As we have noticed supra, these facts were relevant to the question whether plaintiff's injury arose out of and in the course of her employment. Coomer's testimony relating to the statement in the conference with the Commissioner was not disputed. If Coomer's testimony be given credence, there was no evidence relating to plaintiff's employment concealed from the Commissioner; the facts of plaintiff's employment were stated, although the fact of the requirement of plaintiff's residence was stated conversely to that which plaintiff now asserts. We are justified in assuming the statement relating to plaintiff's residence was made by Coomer to the Commissioner. The statement was made in the presence of plaintiff and her husband, who did not in any way advise the Commissioner the statement was false, although, as stated, plaintiff now asserts that, under her contract of employment, she was not required to live in the hotel. Consequently, we may also assume the facts stated by Coomer to the Commissioner were true. The assumption is further justified by plaintiff's own extrajudicial admission. Coomer testified that he recalled plaintiff had theretofore told him, "I am required to live on the premises in order to hold this job." Such an arrangement was not unreasonable in the shown circumstances. We can readily see that it could be quite advantageous to both the hotel management and the employee that a hotel clerk, employee, should reside in the hotel. The facts stated by Coomer to the Commissioner must have gone into the Commission's determination of the Commission's jurisdictional power to make the order

approving the final settlement [286] of plaintiff's claim. We are now in a position to state our opinion that plaintiff did not sustain the burden of showing there was fraud or mistake in the procurance of the order. Our opinion is fortified by the view of an able trial chancellor who saw the witnesses and heard them testify.

It is unnecessary to herein consider whether or not the Commission erred in the legal conclusions drawn from the stated facts. There being no demonstrated fraud or mistake in the procurement of the order approving the settlement, the approved settlement should be upheld as conclusive. State ex rel. Wors v. Hostetter, supra; Wors v. Tarlton, supra; Mosier v. St. Joseph Lead Co., supra.

The judgment and decree should be affirmed.

It is so ordered. *Lozier* and *Aschemeyer, CC., concur.*

PER CURIAM:—The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court. All the judges concur.