In re the MARRIAGE OF Samuel Alfred
ROYALL, Appellant,

and

Colette Yvonne Royall, Respondent.

No. 38960.

Missouri Court of Appeals,
St. Louis District,
Division No. One.

July 18, 1978.

Evans & Dixon, Jeffry S. Thomsen, St. Louis, for appellant.

Larry Carp, Clayton, Allan F. Stewart, Legal Aid Society, Clayton, Paul E. Ground, Manchester, for respondent.

SMITH, Judge.

Samuel Royall, petitioner, appeals from the action of the trial court, granting the motion of Colette Royall, respondent, to amend a dissolution decree nunc pro tunc.

The original decree was granted April 25, 1974. Prior to that the parties entered into a separation agreement which provided, among other things, for the respondent to have custody of the six minor children and for the petitioner to pay child support. The parties also drafted Attachment A, containing provisions for temporary custody and visitation of the children by petitioner. It further provided that "Defendant ordered to pay to plaintiff" specified sums for child support for each of the six minor children. Samuel Royall was the plaintiff (actually petitioner), Colette the defendant (actually respondent). The decree granted custody of the children to Colette, visitation rights and temporary custody to Samuel as per attachment A and provided that "Petitioner have and recover child support as per attachment A."

On September 2, 1976, Colette filed a writ of garnishment, alleging that Samuel was delinquent in child support payments. On December 14, 1976, the petitioner filed a motion to dissolve the writ of garnishment alleging that the 1974 dissolution decree did not order him to make support payments to respondent. On January 5, 1977, the court sustained Samuel's motion.

On January 7, 1977, respondent filed a motion to amend the decree nunc pro tunc alleging that the dissolution decree erroneously orders Colette to pay child support to Samuel, whereas the judgment of the court was that Samuel should pay child support to Colette. On January 24, 1977, the court amended the dissolution decree to read as follows: "that said Respondent have and recover child support as per the Stipulation and Agreement of the parties." Samuel alleges that amending the decree nunc pro tunc was improper because (1) the alleged error was not a mere clerical error and (2) there is no evidence that the change reflects the actual, original judgment of the court.

In reviewing a trial court ruling on a motion to amend nunc pro tunc, there are certain guidelines to be followed. First, there is a presumption that the judgment entered is the judgment actually rendered by the court and the burden is on the movant, in this case Colette, to show by competent evidence that a different judgment was in fact rendered. *Aronberg v. Aronberg*, 316 S.W.2d 675, 681[7] (Mo.App.1958). There is also the admonition to administer this character of relief with caution, for it affords opportunity to alter judgments previously given, under the guise of correcting clerical misprisions and these alterations may work hardship. *Pulitzer Publishing Co. v. Allen*, 134 Mo.App. 229, 113 S.W. 1159 (Mo.App.1908) l. c. 1160.

It is well settled that mistakes of a clerical nature may be corrected nunc pro tunc to speak the truth of what actually happened. *First National Bank of Collinsville v. Goldfarb*, 527 S.W.2d 427, (Mo.App. 1975) [2-4]. Appellant too narrowly interprets the term "clerical error." Since the error is not an error of the clerk in recording the judgment but a drafting error of the parties, he asserts that it is not a clerical error. The term "clerical" is not interpreted in such a narrow sense. A mistake can be clerical whether made by the clerk, the judge, the jury, a party or an attorney. *First National Bank of Collinsville v. Gold-*

*farb, supra.* The important question is not who made the error but whether the error was made in rendering the judgment or in the entry of it. It is the nature of the error, not the identity of the person who made it, that determines whether it is "clerical." If the error is attributable to the exercise of judicial consideration or discretion, it may not be corrected by nunc pro tunc proceedings. It is not proper to amend a decree nunc pro tunc to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do. *First National Bank of Collinsville v. Goldfarb, supra.*

In this case two errors were made. Initially the attorneys or the parties transposed the words "defendant" and "plaintiff" in Attachment A. This in turn led to preparation of the decree erroneously. These are mechanical, clerical errors.

The purpose of the nunc pro tunc amendment is to make the record conform to what was actually done where there is a basis in the record for the amendment. *Luedde v. Luedde,* 240 Mo.App. 69, 211 S.W.2d 513, (1948) [7]. It is well established that the court may search the record for evidence of what happened and may consider the court files, motions filed in the cause and clerical entries, both those made before and after the act in question, in finding that basis. *First National Bank of Collinsville v. Goldfarb, supra,* [5, 6]. An order nunc pro tunc cannot be based upon the judge's recollection of what took place or upon parol evidence. *Aronberg v. Aronberg,* 316 S.W.2d 675, (Mo.App.1958) [8].

Appellant's assertion that the judgment as amended is not the actual judgment rendered is contradicted by the record. The Stipulation and Agreement of the parties clearly requires petitioner to pay child support to the respondent. A minute entry was made on the date of the decree as follows: "Stipulation Agreement filed, marked Exhibit '1' and found to be conscionable, to be incorporated in and made part of decree. Parties ordered to perform the terms thereof." Form 43 which was signed by both parties, their attorneys and the judge and dated April 25, 1974, provides "Petitioner, Husband ordered to pay the Wife, Respondent child support as per attachment A." The decree itself orders care, custody and control of the minor children be given to Colette, but then requires the person having custody to pay child support to the party who does not. The record shows conclusively that the judgment rendered by the court was to order Samuel to pay child support to Colette.

Appellant further contends that the intention of the court was to render a judgment pursuant to attachment A. Therefore, he contends the amendment which says "per Stipulation and Agreement" is contrary to that original judgment. In this he is correct. However, we are empowered to enter the judgment that the trial court should have entered. We, therefore, amend the last paragraph of the "Memorandum and Order" entered on the motion to correct the decree nunc pro tunc so that paragraph reads as follows:

"It is therefore ordered and adjudged that the typed Decree in the above-styled cause be corrected so that paragraph 3, clause 10 thereof reads as follows: 'that said respondent have and recover child support as per attachment A'; and that attachment A to the decree be corrected so that the first line under the heading "Child support" on page 2 reads; 'Petitioner ordered to pay to respondent' and that respondent's motion to amend the Decree nunc pro tunc be, and the same hereby is, granted."

As amended the order is affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.