**Michael A. SMITH, Plaintiff-Appellant,**

v.

**CITY OF KANSAS CITY, Missouri, a Municipal Corporation, et al., Defendants-Respondents.**

**No. WD 32680.**

Missouri Court of Appeals, Western District.

May 25, 1982.

Vance C. Preman, Kansas City, for plaintiff-appellant.

Aaron A. Wilson and S. B. Mumma, Kansas City, for defendants-respondents.

Before CLARK, P. J., and MANFORD and KENNEDY, JJ.

KENNEDY, Judge.

This is an appeal from the order of the Circuit Court of Jackson County dismissing, because filed out of time, a petition for judicial review of an order of the Board of Trustees of the Fire Fighters Pension Sys-

tem. The challenged order of said Board of Trustees had denied appellant's application for duty disability retirement.

The order in question was made July 23, 1980. The petition for judicial review was filed November 25, 1980.

■ Judge O'Leary, upon motion of respondents, dismissed the appellant's petition for review. He ruled that the court had no jurisdiction of the petition for review, since it was not filed within the 30-day period allowed therefor by § 536.110(1), RSMo 1978.

In this ruling Judge O'Leary was correct. The filing of the petition for judicial review within the 30-day period was jurisdictional, and a tardy filing thereof vests no jurisdiction in the circuit court. *State ex rel. Dodson v. McNeal*, 552 S.W.2d 34, 36 (Mo.App. 1977); *Hagen v. Perryville Board of Aldermen*, 550 S.W.2d 797, 799 (Mo.App.1977).

■ Appellant says, though, that the Trustees' order was *void*, and that the order was therefore removed from the 30-day limitation period. He cites no case for that proposition but cites certain language of § 536.100, RSMo 1978. The latter statute provides generally for a judicial review of a "final decision (of an administrative agency) in a contested case". It goes ahead to say: "... provided, however, that nothing in this chapter contained shall prevent any person from attacking any void order of an agency at any time or in any manner that would be proper in the absence of this section." That proviso does not have the effect appellant ascribes to it. It means that if an administrative agency's order is void, the statute does not take from an aggrieved party other remedies—other, that is, than statutory judicial review—but leaves such remedies intact and available. The statute does not put aside the 30-day limitation for filing a petition for judicial review under § 536.100, et seq., RSMo 1978. If one chooses that method of attack upon the order, though the order is void, or is alleged to be void, he is bound to file his petition in 30 days from the date of the offending order. *See Lafayette Federal Savings &*

*Loan Assn. of Greater St. Louis v. Koontz,* 516 S.W.2d 502 (Mo.App.1974).

■ Appellant next says the trial court should have extended the time for filing the petition. He cites us to no statute, case or court rule which empowers the trial court to grant such an extension. He does cite a New Jersey case, *Schack v. Trimble*, 28 N.J. 40, 145 A.2d 1 (1958). The New Jersey case is based upon a New Jersey court rule and evidently the New Jersey court was not bound by a rigid time limit such as that imposed by § 536.110(1), RSMo 1978. The case is not authority that a Missouri court may enlarge the time limited by § 536.-110(1), RSMo 1978, for filing a petition for review.

The judgment is affirmed.

All concur.