Thomas LEY, Plaintiff-Respondent,

v.

ST. LOUIS COUNTY, Missouri, Defendant-Appellant.

No. 50436.

Missouri Court of Appeals, Eastern District, Division Three.

May 20, 1986.

Daniel Bartlett, Clayton, for defendant-appellant.

David J. Rauscher, Clayton, for plaintiff-respondent.

KAROHL, Presiding Judge.

Defendant St. Louis County, employer, appeals trial court judgment and decree in equitable proceeding. The decree set aside an order in a Workers' Compensation Claim approving a compromise settlement under § 287.390 RSMo 1978.

The necessary facts are not in dispute. Plaintiff Thomas Ley was employed by defendant St. Louis County as a police officer when he injured his back on November 20, 1979. Plaintiff suffered a ruptured spinal disc and the injury resulted from an accident arising out of and in the course of his employment.

St. Louis County retained Dr. Charles Powell to examine and treat plaintiff Ley. Dr. Powell completed two "surgeon's reports" [Form 9] on November 28, 1979 and December 4, 1979. Both contained a statement that plaintiff had "a contusion of back—probable disc." However, Dr. Powell told claimant that nothing was wrong with him. A hearing officer at claimant's first appearance before Workers' Compensation suggested that St. Louis County secure a second opinion. Claimant was sent to Dr. Allan Morris for that purpose. Dr. Powell's reports were furnished to Dr. Morris who used x-rays and electromylograph to diagnose "... a soft tissue injury to the low back with residual back pain and sacroiliac pain." This was done on October 3, 1980. Plaintiff produced expert testimony by deposition which indicated that, despite the fact that Dr. Powell's reports were furnished to him, Dr. Morris did not perform any diagnostic tests which would have revealed a ruptured disc.

There is no dispute that Dr. Powell's reports diagnosing probable disc injury were furnished to Dr. Morris and St. Louis County but were not disclosed to claimant or to the administrative law judge. Claimant argues the failure to file Dr. Powell's reports was in violation of § 287.400 RSMo 1978. The hearing officer had requested Dr. Powell's reports on two occasions, January 24, 1980 and March 17, 1980.

On January 23, 1981, the parties entered into a compromise settlement for $2,700. This sum was based upon an agreed disability rating of 7½ of the man as a whole. Plaintiff did not have legal counsel at any time during the Workers' Compensation proceedings. He testified that he relied on Dr. Morris' diagnosis of soft tissue injury.

The settlement was approved under § 287.-390 RSMo 1978 at a time when neither the claimant nor the administrative law judge were informed of the probable disc injury.

Within one month after the settlement was approved plaintiff underwent back surgery. Dr. Shransky surgically removed a ruptured vertebral disc on February 16, 1981. Dr. Shransky testified during this case that the ruptured disc was caused by the work-related accident and was present when Dr. Morris performed his earlier examination. The parties have stipulated that plaintiff became obligated for $13,-236.85 in medical expenses. He was unable to resume work for six weeks after surgery. He claims benefits for temporary total disability, medical expenses, and permanent partial disability after a credit for sums paid under the settlement agreement.

On March 13, 1981, plaintiff filed a formal claim before the Workers' Compensation Commission which was dismissed because the prior compromise settlement was held dispositive. He then filed the present petition in equity in the circuit court requesting the court to vacate or set aside the compromise settlement on the grounds that, "[t]he compromise settlement was founded upon the 'mistake, misrepresentations, misdiagnosis and constructive fraud.'"

After a hearing and evidence the trial court set aside the settlement and remanded plaintiff's claim to the Workers' Compensation Commission for further proceedings. The trial court found "the Workers' Compensation Commission did not have all the evidence available to support it's [sic] approval of the compromise lump sum settlement."

Defendant employer appeals claiming trial court error in three respects. It claims: (1) the court lacked subject matter jurisdiction to consider plaintiff's cause of action as if authorized under § 287.490 RSMo 1978; (2) the compromise settlement became final and conclusive absent a timely appeal; and (3) the petition fails to sufficiently allege fraud in the procurement as a ground to set aside approval of the parties' compromise settlement and the court made no finding of fraud.

The judgment will be sustained on review unless there is no substantial evidence to support it, or it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). It is a "well established rule that in a court-tried case, a correct decision will not be disturbed because the trial court gave a wrong or insufficient reason therefor." *Reed v. Foulks*, 675 S.W.2d 695, 697–698 (Mo.App.1984). The primary concern of this court is the correctness of the result and not the route by which it is reached. If the result could have been reached by any reasonable theory the judgment will be affirmed. *Walker v. Walker*, 631 S.W.2d 68, 71 (Mo.App. 1982).

Employer's first two claims of error relate to a statement made by the trial court together with the judgment which set aside the approval the parties' compromise lump sum settlement. The court observed:

Let the record show that the cause has been heard. And upon the record, the court is going to set aside the award of the Workmen's [sic] Compensation Commission under the authority of 287.490, sub-paragraph 4 thereof, which says as follows: That there was not sufficient competent evidence in the record to warrant the making of the award.

The court is going to remand the case back to the Workmen's Compensation Commission so that they can have a further review of this matter and make the proper award after that administrative body receives all of the sufficient competent evidence so that they can make an intelligent award.

Section 287.490 RSMo 1978 relates only to appeals filed within thirty days from a final award of the Commission. The present proceeding is not such an appeal. In approving a compromise agreement the administrative law judge is not called upon to determine a dispute and render an award as provided in § 287.460 RSMo 1978. Instead the law judge enters an order after

hearing under § 287.390, RSMo. 1978, to approve a final settlement between the parties. The order approving a final settlement is sometimes called an "award" but it is not actually an award in a legal sense; yet its conclusiveness is quite as absolute as if it were an unappealed-from award, or even if it were the final judgment of a court. *Morgan v. Duncan*, 361 Mo. 683, 236 S.W.2d (1951). The focus of the hearing under § 287.390 is approval of "any settlement which is (not) in accordance with the rights of the parties as given in this chapter." § 287.390(1), RSMo. 1978. There is no record of competent evidence.

Any relief against the approved settlement can be had only in a court of equity upon proof of fraud or mistake. *Id.* In *Morgan*, the court found that the plaintiff had failed to sustain her burden of showing mistake or fraud in procurement of the order approving final settlement and it was held as conclusive. Under § 287.490, then § 3723 RS 1939, the court interpreted "procured by fraud" to be the showing required in an action in equity to set aside a Workers' Compensation judgment; namely, that fraud was practiced in the very act of obtaining the award. It is the manner in which the award or judgment is obtained that is at issue. The court may consider extrinsic collateral acts or matters not examined and determined in the hearing before the Commission. *Id.*

The issue in *Morgan* was whether or not claimant's injuries arose out of and in the course of her employment so as to vest exclusive jurisdiction in the Workers' Compensation Commission. At the hearing, the commissioner considered the question of exclusive jurisdiction of the claim under the Workers' Compensation law. The parties had discussed the question and it was considered before the commissioner on the basis that the claimant was required to live on the premises where she was injured. If so her injury was covered under Workers' Compensation. After the settlement was approved claimant adopted the opposing view that that residence was not a requirement of her employment and therefore the Commission did not have jurisdiction. The

court affirmed the chancellor's view on those facts and found no fraud or mistake was proven.

■■■ Appellant employer is correct in observing that § 287.490(1), sub-paragraph 4, is not an authority for the judgment and decree. This was not an appeal of a Workers' Compensation award. Further, the question of the sufficiency or competency of evidence to support the award was not the ground pleaded nor is it a recognized basis for setting aside an order approving the compromise settlement. What is required is a finding of fraud or mistake in the very act of obtaining the award or order. The trial court has made no such finding. However, the facts are distinctly different from those in *Morgan v. Duncan*. On the undisputed evidence, employer had exclusive knowledge of the nature and extent of claimant's injuries, a ruptured disc, but failed to disclose those facts to the claimant or to the law judge. It is unlikely that the administrative law judge would have approved the settlement agreement as is his duty under § 287.390 RSMo 1978 if the true facts had been disclosed. Had the employer filed the physician's reports of Dr. Powell as required by § 287.400 RSMo 1978 the necessary information would have been before the administrative law judge.

■■■ Although the court was not authorized to treat the suit in equity as a § 287.490 appeal it had equity jurisdiction to consider misrepresentations, mistake or fraud in the procurement. *Trokey v. United States Cartridge Co.*, 222 S.W.2d 496, 501 (Mo.App.1949). In such suit the approval of the award is subject to attack on that basis. We therefore find that the trial court had subject matter jurisdiction and that the decree and judgment of the trial court was right although the reason stated was wrong. The evidence of concealed information on the nature and extent of plaintiff's injury supports a finding that misrepresentation or constructive fraud was practiced in the very act of obtaining the order of approval. Appellant-employer's two points are denied.

Employer also argues that it was error to set aside the order approving the compromise settlement because fraud in the procurement was not pleaded or proved nor in any respect found by the trial court. Employer relies on *Morgan v. Duncan,* *supra* and *Reis v. LaPresto,* 324 S.W.2d 648 (Mo.1959). This case is distinguishable from *Morgan* on its facts. In *Morgan* the issue was fully presented at the time the settlement was approved. Nothing was concealed. In the same manner, the present case is distinguishable from *Reis* where the court recognized that a judgment can be set aside on proof that fraud was practiced in the very act of obtaining the judgment. *Reis,* 324 S.W.2d at 653–654. The court found no misrepresentations by a plaintiff who took a default judgment against a defendant. Defendant's petition to set aside judgment did not allege any facts from which it could be inferred that the plaintiff did anything which induced the defendant to become or remain in default. On those facts the court held that there was no fraud in doing a lawful act, such as taking the default judgment. The court in *Reis* held that the petition was properly dismissed. In contrast, the facts in this case are that the employer knew and withheld the nature and extent of claimant's injury from the claimant and the administrative law judge. Neither *Morgan* or *Reis* support the employer's position.

No motion for more definite statement was filed. Under those circumstances, we find that the petition was adequate to support a finding of mistake, misrepresentation or fraud. On the undisputed facts Dr. Morris told claimant that there was nothing wrong with him and the fact of probable disc was withheld from both the claimant and the administrative law judge. On comparable facts, we said in *Trokey v. United States Cartridge Co.,* 222 S.W.2d 496 (Mo.App.1949):

> Instances are not uncommon where an injured plaintiff seeks to avoid a settlement which he has made in reliance upon alleged misrepresentations of a physician employed by the defendant. The cases hold that while a physician's mere expression of opinion, particularly as to what the plaintiff's condition will be in the future, cannot be made the basis of a charge of fraud if the physician makes a positive representation of an existing fact, which is not true, and which serves to induce the making of a settlement, such representation amounts to fraud, and will entitle the plaintiff to have the settlement set aside. Indeed there are cases which go so far as to say that if the physician's statement is in fact untrue, it is immaterial upon the question of the avoidance of the settlement whether or not the statement was intentionally false. In such event the innocent misrepresentation is held to constitute constructive fraud, or fraud in law as it is sometimes called.

*Trokey,* 222 S.W.2d at 501. In the present case, we have not only a misstatement of claimant's health condition by a doctor who had actual knowledge of the probable disc, but a failure on the part of the employer to disclose those facts either to the claimant or to the administrative law judge.

We find the pleadings and evidence sufficient to support a finding of misrepresentation and constructive fraud. No findings or conclusions were requested by the parties. We are authorized under those circumstances to conclude that the trial court considered and found these facts and that the judgment should be affirmed under the theory presented by the pleadings and evidence. *Telge v. Telge,* 677 S.W.2d 403, 405 (Mo.App.1984).

SIMON and GARY M. GAERTNER, JJ., concur.