**Paula BLANKENSHIP (formerly known as Paula Starchman), Plaintiff–Appellant,**

**v.**

**GRANDY'S, INC. and Maverick Restaurant Corporation and the Division of Workers' Compensation of the Department of Labor and Industrial Relations, Defendants–Respondents.**

**No. 17804.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 8, 1992.

Motion to Rehearing or Transfer to Supreme Court Denied Sept. 30, 1992.

Application to Transfer Denied Nov. 24, 1992.

Charles Buchanan, Joplin, for plaintiff-appellant.

Ronald G. Sparlin, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for respondent Grandy's, Inc.

David B. Mouton, Flanigan, McCanse & Lasley, Carthage, for respondent Maverick Restaurant Corp.

MAUS, Judge.

■ In this action, Paula Blankenship alleges that a "Transcript of Compromise Settlement", by mistake, incorrectly designates the "Employer". By this action, filed in the Circuit Court of Jasper County, she seeks to modify the Transcript of Compromise Settlement to correctly designate another corporation as the Employer. The trial court dismissed her petition with prejudice for the reason it failed to state a cause of action. Blankenship appeals.

Blankenship's point on appeal is that the trial court erred in dismissing the petition because it

> "stated a cause of action for equitable relief to modify a workers' compensation award entered through mistake. Specifically, the petition alleged: (1) That plaintiff entered into a compromise settlement with Maverick Restaurant Corporation but that through a mistake the Transcript of Compromise Settlement erroneously stated that the settlement was with Grandy's, Inc. and (2) Intervention by a court of equity is necessary to prevent manifest injustice."

The merit of that point is to be measured by the following standard.

> "It is well settled in Missouri that a petition is not to be dismissed for failure to state a claim upon which relief can be granted unless it appears that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. In reviewing the sufficiency of a petition on a motion to dismiss, we give the averments a liberal construction and accord the petition those reasonable inferences fairly deducible from the facts stated. *Irby v. St. Louis County Cab Co.*, 560 S.W.2d 392[1, 2] (Mo.App.1977)." *Nappier v. Kincade*, 666 S.W.2d 858, 860 (Mo.App.1984).

Also see *Mercantile Trust Co., N.A. v. Harper*, 622 S.W.2d 345 (Mo.App.1981); *North Elec. Co. v. Satallite Communications*, 588 S.W.2d 261 (Mo.App.1979); *Schnabel v. Taft Broadcasting Company, Inc.*, 525 S.W.2d 819 (Mo.App.1975).

The following is a summary of the facts established by the petition under the foregoing standard. Grandy's, Inc., of Lewisville, Texas, was the franchisor for a number of fast-food restaurants known as "Grandy's". Maverick Restaurant Corporation, of Wichita, Kansas, as a franchisee, operated a fast-food restaurant under the trade name of "Grandy's" at 1306 S. Range Line, Joplin, Jasper County, Missouri. While employed by Maverick Restaurant Corporation in its business at 1306 S. Range Line, on May 12, 1986, Blankenship was severely injured when a fellow employee spilled hot grease upon her.

Blankenship filed a claim under the "Workers' Compensation Law", § 287.010, to recover for such injuries. She alleged that her employers were:

> "Grandy's, 1306 S. Range Line, Joplin, Missouri 64801; Grandy's, Inc., 997 Grandy's Lane, Lewisville, Texas 75067–2599; Maverick Restaurant Corporation, 101 Main Place, 100 N. Main, Wichita, Kansas 67202."

The Answer to that claim was filed by "Grandy's" and admitted the employer was "Grandy's located at 1306 S. Range Line." It denied the balance of the allegations concerning the identity of the employer. The Division sent notices of proceedings in respect to the workers' compensation claim to Blankenship and her attorney and to "Grandy's" and to "Maverick Restaurant Corporation", who were listed as the "Employer". Grandy's, Inc., did not file an answer nor participate in the proceedings in respect to Blankenship's claim.

On August 2, 1988, Blankenship entered into an oral compromise settlement of her claim before the Administrative Law Judge. The "Transcript of Compromise Settlement" prepared by the Division listed "Employer" as "Grandy's, Inc., a subsidiary of Maverick Restaurant Corporation". Blankenship alleges that such designation of the employer was the result of a mistake or inadvertence.

Blankenship filed an action against Grandy's, Inc., of Lewisville, Texas, to recover for the personal injuries she sustained on May 12, 1986, while employed by Maverick Restaurant Corporation at 1306 S. Range Line. Grandy's, Inc. filed a motion for

summary judgment based upon the Transcript of Compromise Settlement and the allegation that the action by Blankenship is barred because her exclusive remedy was under the Workers' Compensation Law. The allegations of Blankenship's petition in this action continued:

"12. That the purported 'Transcript of Compromise Settlement' is not a true and accurate transcript of the proceedings at the time of the settlement of plaintiff's workers' compensation claim and that neither plaintiff nor her attorney stipulated or agreed that her employer was 'Grandy's, Inc. ...'; that there was no discussion, suggestions, implication, or any other fact that suggested to plaintiff or her attorney that the settlement was with 'Grandy's, Inc.'; that the parties in fact agreed that the employer was 'Maverick Restaurant Corporation d/b/a Grandy's'; and that neither plaintiff no[r] plaintiff's attorney was aware that the Transcript of Compromise Settlement designated 'Grandy's, Inc. ...' as the employer until Grandy's, Inc. present[ed] plaintiff's attorney with a copy of said Transcript on or about April 29, 1991."

Blankenship prayed the court to set aside the compromise settlement with Grandy's, Inc., a subsidiary of Maverick Restaurant Corporation d/b/a Grandy's, and to enter an order declaring the compromise settlement was with Maverick Restaurant Corporation d/b/a Grandy's, and to modify the Transcript of Compromise Settlement to show the correct employer.

Curiously, not only Grandy's, Inc., but also Maverick Restaurant Corporation, filed a motion to dismiss Blankenship's petition for failure to state a cause of action. Both have filed a brief in support of the trial court's action. Basically, they support the trial court's action with the same argument. Grandy's, Inc. asserts "Appellant's justification for modifying the compromise settlement was that she settled her workers' compensation claim against this respondent Grandy's Inc. (as her employer) and then in a separate action, sought to recover civil damages against Grandy's, Inc. as a result of the same accident."

They both cite and rely upon *Ley v. St. Louis County,* 710 S.W.2d 493 (Mo.App. 1986) and *Morgan v. Duncan,* 361 Mo. 683, 236 S.W.2d 281 (1951). They focus upon the following proposition from *Ley:* "What is required is a finding of fraud or mistake in the very act of obtaining the award or order." *Ley* at 496. They point out that the petition contains no allegation of fraud in the very act of obtaining the award. They say the type of mistake alleged is not of the nature "contemplated by the applicable case law" as a basis for the relief sought.

Grandy's, Inc. and Maverick Restaurant Corporation have misconceived the basis for relief alleged by Blankenship. She does not allege a "mutual mistake" of the parties upon the basis of which they entered into the agreed settlement. See *Link v. Dowdy,* 816 S.W.2d 927 (Mo.App.1991). Nor does she allege that she was prevented from appearing in the proceedings by reason of a "mistake". See *Contrare v. Cirese,* 336 S.W.2d 485 (Mo.1960). She does not attempt to allege the perpetration of any "fraud" as a basis to set aside the compromise settlement such as that described in *Ley,* supra. Also see *Daffin v. Daffin,* 567 S.W.2d 672 (Mo.App.1978). In fact, she does not seek to invalidate or set aside the compromise settlement that had been agreed upon by the parties. She seeks to correct the record which, by reason of mistake, does not reflect the actual agreement.

It has been long recognized that even a final judgment entered by "mistake" is subject to correction. When the mistake is apparent from the record, this is the basis for the familiar remedy of a judgment "nunc pro tunc".

"The purpose of the nunc pro tunc amendment is to make the record conform to what was actually done where there is a basis in the record for the amendment. *Luedde v. Luedde,* 240 Mo. App. 69, 211 S.W.2d 513 (1948) [7]. It is well established that the court may search the record for evidence of what happened and may consider the court files, motions filed in the cause and cleri-

cal entries, both those made before and after the act in question, in finding that basis. *First National Bank of Collinsville v. Goldfarb, supra* [527 S.W.2d 427 (Mo.App.1975)] [5, 6]. An order nunc pro tunc cannot be based upon the judge's recollection of what took place or upon parol evidence. *Aronberg v. Aronberg*, 316 S.W.2d 675 (Mo.App.1958) [8]." *In re Marriage of Royall*, 569 S.W.2d 369, 371 (Mo.App.1978).

The scope of judgments nunc pro tunc has been described in the following terms.

"They lie to correct clerical omissions, mistakes or misprisions to make the record speak the truth by evidencing an act done or a judgment actually rendered at a prior time but not carried into or faithfully recorded in the record. [*Warren v. Drake*, 570 S.W.2d 803, 806 (Mo.App. 1978)] *Id*. [1]. They do not lie to correct judicial errors, mistakes or oversights, or to create a new record or to enter a judgment never made or one different from that actually rendered, albeit the judgment rendered was not the judgment the judge intended to make. *Id*.". *Mo. Highway & Transp. Com'n v. Roth*, 735 S.W.2d 19, 21 (Mo.App.1987).

The nature of the mistake that is the basis for such remedy has been defined.

"It is well settled that mistakes of a clerical nature may be corrected nunc pro tunc to speak the truth of what actually happened. *First National Bank of Collinsville v. Goldfarb*, 527 S.W.2d 427 (Mo.App.1975) [2–4]. Appellant too narrowly interprets the term 'clerical error.' Since the error is not an error of the clerk in recording the judgment but a drafting error of the parties, he asserts that it is not a clerical error. The term 'clerical' is not interpreted in such a narrow sense. A mistake can be clerical whether made by the clerk, the judge, the jury, a party or an attorney. *First National Bank of Collinsville v. Goldfarb, supra*. The important question is not who made the error but whether the error was made in rendering the judgment or in the entry of it. It is the nature of the error, not the identity of the person who made it, that determines whether it is 'clerical.' If the error is attributable to the exercise of judicial consideration or discretion, it may not be corrected by nunc pro tunc proceedings. It is not proper to amend a decree nunc pro tunc to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do. *First National Bank of Collinsville v. Goldfarb, supra*." *In re Marriage of Royall* at 370–371.

A mistake affording such relief may be established by a presumption.

"The law is that where upon the trial of a cause, a judgment is shown to have been rendered for one of the parties, and a statute directs what that judgment shall be, it is presumed that the judgment rendered by the court was such a judgment as only could have been rendered, and anything short of that will be attributed to the mistake or misprision of the clerk. *State ex rel. Grant v. Juden*, 50 S.W.2d 702, 703–4[1] (Mo.App.1932). That an error is made by a judge rather than a clerk does not prevent it from being classified as a clerical error. *Gordon v. Gordon*, 390 S.W.2d 583, 587 [6] (Mo.App.1965)." *Mo. Highway & Transp. Com'n v. Roth* at 22.

Also see *Newberry v. State*, 812 S.W.2d 210 (Mo.App.1991). That remedy is now embodied in Rule 74.06. However, it must be recognized that Rule 74.06 is not directly applicable to this case. It does not define or limit the remedy available to correct an award or an order of the Division.

A "mistake" of the nature described has also been recognized as a basis for a court in an independent action to afford relief by modifying or correcting a final judgment. That recognition has been repeatedly expressed in the following terms.

"It is settled doctrine that courts of equity have jurisdiction to grant relief against the enforcement of judgments at law where such judgments were obtained or entered through fraud, accident, or mistake. Mistakes of fact, whether com-

mitted by the court, the clerk, or by one of the parties or their attorneys, have been successfully employed as grounds for obtaining the interposition of courts of equity, and securing the relief of the party injured by the mistake." *Overton v. Overton,* 327 Mo. 530, 540, 37 S.W.2d 565, 567 (1931).

Also see *Marley v. Marley,* 356 Mo. 870, 204 S.W.2d 261 (1947); *Chouteau v. City of St. Louis,* 131 S.W.2d 902 (Mo.App. 1939); *Contrare v. Cirese,* supra; *Brasker v. Cirese,* 269 S.W.2d 62 (Mo. banc 1954); *Allen v. Smith,* 375 S.W.2d 874 (Mo.App. 1964).

Upon the basis of such a mistake, relief has been granted in the following circumstances. To correct the amount of a judgment by agreement to the amount that had been actually agreed upon. *Chouteau v. City of St. Louis,* supra. To correct the description of land in a partition decree to exclude land that was not subject to partition. *Overton v. Overton,* supra. To afford relief when, by the mistake of a clerk, a responsive pleading was not filed. *Krashin v. Grizzard,* 326 Mo. 606, 31 S.W.2d 984 (1930). To enter a judgment in favor of the Highway & Transportation Commission for the difference between the amount of the commissioner's award, which had been drawn down, and the verdict of the jury assessing damages in a lesser amount. *Mo. Highway & Transp. Com'n v. Roth,* supra. A mistake has been found to be the basis under which it could be established that a judgment in a divorce proceeding erroneously awarded a wife $75.00 per month for alimony instead of child support. *Marley v. Marley,* supra.

Such an independent action is apparently yet recognized even in respect to judgments.

**"Power of Court to Entertain Independent Action—Certain Writs Abolished.** This Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules *or by an independent action."* Rule 74.06(d). (Emphasis added.)

Under broad grants of authority, some administrative agencies have been found to have authority to correct their own record of an award or an order by an order in the nature of a judgment nunc pro tunc.

"A similar power is vested in the Interstate Commerce Commission. Section 17(3) of the Act creating the Commission, 49 USC § 17(3), provides that: 'The Commission shall conduct its proceedings under any provision of law in such manner as will best conduce to the proper dispatch of business and to the ends of justice.' This broad enabling statute, in our opinion, authorizes the correction of inadvertent ministerial errors." *American Trucking Assos. v. Frisco Transp. Co.,* 358 U.S. 133, 145, 79 S.Ct. 170, 177, 3 L.Ed.2d 172, 181 (1958).

Also see *Hair v. Oklahoma Corp. Com'n,* 740 P.2d 134 (Okl.1987); *Samardick of Grand Island–Hastings v. B.D.C. Corp.,* 183 Neb. 229, 159 N.W.2d 310 (1968); *Appeal of Angle,* 11 Kan.App.2d 62, 713 P.2d 962 (1986).

It seems doubtful if the Division of Workers' Compensation in this state has the authority to correct a final award or Transcript of Compromise Settlement by an order nunc pro tunc. See *Williams v. Marcus,* 652 S.W.2d 893 (Mo.App.1983). There is no general grant of authority to the Division. § 287.410; 8 CSR 20–3.010—Jurisdiction. There is no provision for review by the Labor & Industrial Relations Committee of the Division's grant or denial of a motion to correct a record by an order nunc pro tunc. 8 CSR 20–3.030—Review of Awards or Orders Issued by Administrative Law Judges. There is no provision for the judicial review of the disposition of a motion filed with the Division to correct a record by an order nunc pro tunc. See § 287.495.

■ However, it is not necessary for the disposition of this case to decide if the

Division of Workers' Compensation has authority to enter an order nunc pro tunc. Even if such a remedy is available, it does not bar an action in the circuit court to correct a record of the Division. Such an action is not barred by a plaintiff's failure to exhaust an administrative remedy. The plaintiff in such an action is not seeking a remedy as to a substantive right, jurisdiction of which has been by statute vested in an administrative agency. *Missourians, for Sep. of C. and S. v. Robertson,* 592 S.W.2d 825 (Mo.App.1979). Also see *Smith v. City of Kansas City,* 635 S.W.2d 78 (Mo.App.1982). Nor would the authority of the Division to enter a nunc pro tunc order, if considered a remedy at law, bar correction of such an error upon a petition in the circuit court. The principles upon which the doctrine of nunc pro tunc is founded are principles that are cognizable in an equitable proceeding. "[I]t is established that when concurrent jurisdiction exists, i.e. law and equity, equitable principles can be invoked despite the existence of an adequate remedy at law." *Estate of Cantonia v. Sindel,* 684 S.W.2d 592, 595 (Mo. App.1985).

No case has been cited or found that holds a circuit court may in an independent action, upon the basis of such a mistake, correct the record of the Division. It is established the circuit court has jurisdiction to set aside an order or an award for fraud or mistake. *Mosier v. St. Joseph Lead Co.,* 205 S.W.2d 227 (Mo.App.1947); *Morgan v. Duncan,* supra; *Ley v. St. Louis County,* supra. The record of a final judgment of a court is, upon the basis of mistake, subject to correction. The record of the Division must be subject to correction in a similar fashion. This court holds the circuit court has jurisdiction to modify a record of the Division to correct a "mistake" as that term has been used in the foregoing discussion and cases cited.

In summary, Blankenship's petition does allege that the Transcript of Compromise Settlement, by reason of mistake, does not reflect the actual agreement that was entered into before the Division. It is immaterial whether the mistake was that of the "clerk, judge, jury, party, or attorney." *First Nat. Bk. of Collinsville v. Goldfarb,* 527 S.W.2d 427, 430 (Mo.App. 1975). Moreover, if in fact Grandy's, Inc. was not the employer of Blankenship, the record of the Transcript of Compromise Settlement is contrary to relevant statutes and is presumed to be the result of such a mistake.

The judgment of dismissal is reversed and the cause is remanded to the Circuit Court of Jasper County for future proceedings not inconsistent with this opinion.

SHRUM, P.J., and MONTGOMERY, J., concur.

FLANIGAN, C.J., recused.