James J. MEEK, Appellant,

v.

PIZZA INN, Defendant,

Missouri State Treasurer, Custodian of the Second Injury Fund, Respondent.

No. WD 49219.

Missouri Court of Appeals, Western District.

April 4, 1995.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 30, 1995.

Frederick W. Bryant, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Matthew C. Queen, Asst. Atty. Gen., Kansas City, for respondent.

Before HANNA, P.J., and
BRECKENRIDGE and SMART, JJ.

BRECKENRIDGE, Judge.

James J. Meek appeals the decision of the Labor and Industrial Relations Commission (the Commission), finding that the Division of Workers' Compensation (the Division) lacked subject matter jurisdiction over his request for the payment of medical bills arising from an alleged work-related injury. Mr. Meek contends that the Commission erred in finding no subject matter jurisdiction. The decision is affirmed.

On August 9, 1989, Mr. Meek sustained an alleged injury at his place of employment, Pizza Inn. Because his employer did not have workers' compensation insurance, Mr. Meek filed a claim against the Second Injury Fund, pursuant to § 287.220.5, RSMo 1994.[1] The cause was set for two pre-hearing conferences and two hearings. Mr. Meek, although receiving notice of the second hearing through certified mail, failed to appear. Pursuant to § 287.655, the claim was dismissed by Administrative Law Judge Jay Daugherty on August 29, 1991 for failure to prosecute.

---

1. Unless otherwise indicated, all statutory references are found in RSMo 1994.

Mr. Meek's attorney filed a motion to set aside the dismissal on September 12, 1991, but did not file an application for review with the Labor and Industrial Commission within the time period permitted under § 287.480. On November 8, 1991, former Chief Administrative Law Judge Paul Margolis, Jr. signed a formal written order vacating the order of dismissal. A handwritten record on the minute sheet verifies that November 8, 1991 was the date on which the vacating order was entered.

On December 22, 1991, the Second Injury Fund filed a motion to dismiss due to a lack of subject matter jurisdiction. In opposition, Mr. Meek filed a motion for an order nunc pro tunc, along with an affidavit by former ALJ Margolis. Mr. Meek's motion and affidavit indicate that when ALJ Margolis signed the order setting aside the dismissal on November 8, 1991, he actually intended to reflect that Mr. Meek's motion was granted on September 12, 1991, the day it was submitted by Mr. Meek, but a clerical error prevented the formal order from being placed in the file at that time.

On June 9, 1993, ALJ Rebecca S. Magruder conducted a hearing to determine the liability of the Second Injury Fund. ALJ Magruder found that the order setting aside the dismissal was void because the judge had no jurisdiction to enter such order. She noted that 8 C.S.R. 20–3.010(2)(C) only permits an ALJ to change or modify a final award up to twenty days from the date of issuance. The formal order to set aside the dismissal, she explained, was filed on November 8, 1991, approximately two months after the initial dismissal—well beyond the twenty-day time period. ALJ Magruder further held that an order nunc pro tunc could not correct this type of clerical error.

On August 9, 1993, Mr. Meek appealed ALJ Magruder's decision to the Labor and Industrial Relations Commission, where the denial of compensation was fully affirmed. Mr. Meek now seeks review of that judgment.

■ Appellate courts review the decision of the Industrial Relations Commission rather than that of the administrative law judge in Workers' Compensation cases.[2] *Dillon v. General Motors,* 784 S.W.2d 915, 916 (Mo. App.1990). Section 287.495 sets forth the standard of review in Workers' Compensation cases. *Story v. Southern Roofing Co.,* 875 S.W.2d 228, 230 (Mo.App.1994). In pertinent part, it provides as follows:

> Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding. The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the award was procured by fraud;
>
> (3) That the facts bound by the commission do not support the award;
>
> (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

Section 287.495.1.

■ Mr. Meek asserts only one point of error, claiming that the Commission erred in finding that the Division lacked subject matter jurisdiction over his claim. He claims former ALJ Margolis' affidavit indicates that ALJ Margolis acted to set aside the dismissal within the time period prescribed by law and that an order nunc pro tunc should have been granted to correct the clerical error suggesting otherwise.

Pursuant to § 286.060(8), the Commission has the power to enact "regulations governing its proceedings in connection with the exercise of its quasi-judicial functions...." To that effect, it has adopted 8 C.S.R. 20–3.010(2)(C), which states that "[a]n administrative law judge shall not have any authority to change or modify a final award issued by an administrative law judge after the lapse of twenty (20) days from the date of issuance of

---

**2.** In this case, the opinions are one and the same, however, since the Commission adopted the or- der of ALJ Magruder in rendering its own award denying compensation.

an award...." Mr. Meek acknowledges that a formal written vacating order was not placed in the file within 20 days following the order of dismissal. He denies, however, that jurisdiction was lost, since he believes an order nunc pro tunc should have been issued to correct the ostensible defect.

■ "The purpose of the nunc pro tunc amendment is to make the record conform to what was actually done where there is a basis in the record for the amendment." *In re Marriage of Royall*, 569 S.W.2d 369, 371 (Mo.App.1978). It allows a tribunal to correct clerical or typographical errors even after the tribunal has lost its jurisdiction over the case. *Cooper v. Cooper*, 778 S.W.2d 694, 700 (Mo.App.1989). The error which Mr. Meek aspires to amend, however, is inappropriate for nunc pro tunc correction.

In his most notable argument, Mr. Meek essentially contends that he is entitled to a nunc pro tunc amendment because the nunc pro tunc requirements imposed on administrative bodies should be less rigorous than those imposed on civil courts. To bolster that viewpoint, he asserts that civil rules such as Rule 74.06(a), which authorizes nunc pro tunc corrections, do not apply to proceedings within the Division of Workers' Compensation.[3]

■ Although Mr. Meek does not cite any case law to support his claim, it appears that he is correct in stating that civil rules do not apply to administrative proceedings. Rule 41.01, which lists the types of actions to which the Supreme Court Rules are applicable, does not make any mention of administrative actions.[4] Moreover, cases such as *Sheets v. Labor & Indus. Rel. Com'n*, 622 S.W.2d 391, 393 (Mo.App.1981), hold that an administrative appeals tribunal does not acquire authority from Supreme Court Rules.

If administrative bodies cannot acquire power through Rule 74.06 to make nunc pro tunc amendments, however, then, in general, they have no clear authority upon which to correct clerical errors in the first place.

■ An administrative tribunal exercises only the authority it is granted by statute. *Id.* Although some administrative agencies with broad grants of authority have the ability to correct their own record by means of an order akin to a nunc pro tunc amendment, the Division of Workers' Compensation does not appear to possess such authority. *Blankenship v. Grandy's, Inc.*, 839 S.W.2d 680, 684 (Mo.App.1992). *See also Williams v. Nieman Marcus*, 652 S.W.2d 893, 894 (Mo. App.1983). Neither § 287.410, delineating the powers and functions of the Division, nor 8 C.S.R. 20–3.010 specifically provides for the correction of clerical or typographical errors. *See Blankenship*, 839 S.W.2d at 684. Without such authority, the Division was incapable of rendering a nunc pro tunc correction.[5] Mr. Meek's claim is accordingly denied.

■ Even under civil nunc pro tunc authority, however, Mr. Meek would have been ineligible for the relief he seeks. According to civil cases, "[i]t is not proper to amend a decree nunc pro tunc to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do." *Royall*, 569 S.W.2d at 371. There is a presumption that the judgment entered is the one actually rendered, and the movant bears the burden of showing by competent evidence that a different judgment was in fact rendered. *Id.* at 370. To warrant a nunc pro tunc entry, the proposed correction must be supported by some writing in the record which indicates

---

**3.** Supreme Court Rule 74.06(a) reads as follows:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be so corrected with leave of the appellate court.

**4.** *But see* Rule 88.01, which specifically states that it concerns administrative agencies when such agencies determine child support.

**5.** It should be noted, however, that there is recourse for clerical and typographical errors, since a circuit court has jurisdiction to modify the record of the Division, upon the filing of an appropriate separate action. *Blankenship*, 839 S.W.2d at 685. This power is based on principles of equity. *Id.*

that the intended judgment was different than the one entered. *Matter of Smith,* 840 S.W.2d 268, 271 (Mo.App.1992). The written basis for correction may be found in clerical entries, files, motions, pleadings and process, and/or the judge's minutes. *Blankenship* 839 S.W.2d at 682–83; *Brunton v. Floyd Withers, Inc.,* 716 S.W.2d 823, 826 (Mo.App. 1986); *Warren v. Drake,* 570 S.W.2d 803, 806 (Mo.App.1978).

There is no written evidence in the record showing that the order to vacate was actually granted on September 12, 1991, the date it was filed by Mr. Meek. The order itself is dated November 8, 1991, and the handwritten entry in the minute book apparently displays the date of November 8, 1991 as well. Other writings, such as the pleadings, the process, and motions made during the course of the proceeding are irrelevant, as they have no bearing on the timeliness of the ALJ's order to set aside the judgment. This court notes that Mr. Meek indeed filed his motion to set aside the order of dismissal well within the twenty-day period following the judgment. That has no significance, however, as to the timing of the Division's response to it.

Although former ALJ Margolis' affidavit does suggest that clerical error occurred, the affidavit is irrelevant to a nunc pro tunc request. "An order nunc pro tunc cannot be based upon the judge's recollection of what took place or upon parol evidence." *Royall,* 569 S.W.2d at 371. *See also Blankenship,* 839 S.W.2d at 683; *Warren,* 570 S.W.2d at 806. The affidavit by former ALJ Margolis was signed on January 12, 1993, more than a year after Mr. Meek submitted his motion to set aside the judgment of dismissal. Because the affidavit was written well after the events in question occurred, it is clearly no more than a statement of the judge's recollection. Mr. Meek complains, however, that there is "no support procedurally or in the substantive law for the Administrative Law Judge or the Commission to be able to conclusively ignore the affidavit of the judge previously handling the matter as to what actually happened in this particular case." Obviously, such a statement overlooks the case law cited herein which explicitly declares that it is erroneous to rely on a judge's recollection. The affidavit is inconsequential to the outcome of the nunc pro tunc matter.

Mr. Meek's claim is without merit and is accordingly denied. The judgment is affirmed.

All concur.