**Leon DOBSON, Appellant,**

v.

**RIEDEL SURVEY & ENGINEERING CO., INC., Respondent.**

**No. WD 55021.**

Missouri Court of Appeals,
Western District.

Submitted May 20, 1998.

Decided Aug. 18, 1998.

William J. Daily, Glasgow, for appellant.

Kenneth M. Hayden, Versailles, for respondent.

Before ULRICH, C.J., P.J., and BRECKENRIDGE and SMART, JJ.

SMART, Judge.

This case involves an attempt by a trial court to correct an allegedly erroneous judgment entry seven months after the entry of judgment. The appellant, Leon Dobson, contends that the court cannot amend the judgment to correct an alleged clerical error without some objective substantiation from the record that a clerical error was made. Because we agree, and because we conclude that in this case there is no substantiation in the record we vacate the trial court's order attempting to correct the previously entered judgment.

On February 21, 1997, Leon Dobson filed suit against Riedel Survey & Engineering Co., Inc. ("Riedel"), in the small claims division of the Circuit Court of Howard County. He asked for judgment in the amount of $3,000.00 against Riedel. Riedel filed a counterclaim on March 4, 1997, praying for judgment in the amount of $3,000.00 against Dobson. The court's docket sheet entry of March 18, 1997 shows the following entries made on a pre-printed form:

**JUDGMENT MEMO**

Cause Called.

✓ Plaintiff(s) appear(s) in person/by Agent/Attorney _____.

✓ Defendant(s) appear(s) in person/by Agent/Attorney _____.

___ Defendant(s) remain in DEFAULT although called thrice.

Cause submitted and heard, evidence adduced. Court enters judgment as follows:
___ Judgment in favor of the plaintiff(s) on plaintiff's petition in the sum of *$3,000.00*

✓ Judgment in favor of the defendant(s) on plaintiff's petition.

✓ and in favor of plaintiff(s) on defendant's counter-claim.

___ and in favor of defendant(s) on defendant's counter-claim in the sum of $ _____

_____ Execution stayed on condition defendant(s) _____

Costs assessed against ☑ Defendant(s) ☐ Plaintiff(s)

SO ORDERED: _____

_____

The next entry on the docket sheet is dated September 10, 1997, some six months later. It states:

Clerk presents file to Ct. for review. Ct. notes that judgment memo does not correctly reflect the findings by the Ct. from the Ev. as presented by the parties. The Ct. notes that it has no authority to proceed at this time. Clerk to notify Π & Δ's atty.

Notice of this docket entry was mailed to the parties on September 11, 1997. On September 18, 1997, Riedel filed a motion to correct the judgment. In its motion, Riedel claimed that as a result of a clerical error, the judgment incorrectly reflects that Dobson was awarded judgment, the opposite of what, according to Riedel, the court announced during the hearing on the matter. The court set Riedel's motion for hearing. Dobson claimed that the trial court did not have jurisdiction because Riedel's motion was filed more than thirty days after the judgment. Dobson claimed that Rule 74.06(a) did not authorize an order nunc pro tunc because no error exists, or, if an error does exist, it was not shown to be a clerical error. The court denied Dobson's motion to dismiss and granted Riedel's motion to correct the judgment. In its judgment, the court stated:

NOW ON THIS 7th day of October, 1997, the Defendant's Motion to Correct Judgment does come before this court for hearing. The Plaintiff does appear in person and by and through counsel of record, William J. Daily, for the limited purpose of objecting to the jurisdiction of this court to entertain said motion; the Defendant does appear by and through its attorney of record, Kenneth M. Hayden; whereupon the court does hear the argument presented by counsel for Plaintiff and Defendant in this case, and does hereby make the following findings:

1. On March 18, 1997, this cause came on before the court. Plaintiff appeared in person; Defendant appeared by and through Shirley Riedel, Jerry Riedel, Dexter Slagle and Danny Denrow.

2. After hearing evidence and being duly advised in the premises, the court announced and all parties were advised that the court was rendering judgment in favor of the Defendant on Plaintiff's petition and in favor of the Defendant on Defendant's counterclaim in the sum of Three Thousand Dollars ($3,000.00), with costs taxed against Plaintiff.

3. The court further finds that after rendition of the judgment in favor of Defendant on Plaintiff's claim and in favor of Defendant on Defendant's counterclaim against Plaintiff that the court in performing the ministerial act of entering said judgment on the record made a mechanical clerical error in checking the inappropriate blanks in its judgment memo form, so as to inaccurately set forth the judgment on the docket sheet.

4. The court has acknowledged that the judgment memo of March 18, 1997, does not correctly reflect the judgment by the court from the evidence as presented by the parties on March 18, 1997.

WHEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that this court's judgment entered on March 18, 1997, is hereby corrected to accurately reflect this court's judgment of March 18, 1997, finding in favor of Defendant and against Plaintiff on Plaintiff's claim against Defendant and in favor of Defendant, Riedel Survey and Engineering, Inc. in the amount of Three Thousand Dollars ($3,000.00) against Plaintiff on Defendant, Riedel Survey and Engineering, Inc.'s counterclaim with costs being taxed to the Plaintiff.

Dobson appeals.

In his sole point, Dobson argues that the trial court erred when it entered its order

nunc pro tunc on October 7, 1997, changing its earlier judgment entered March 18, 1997 on the basis of clerical error. Dobson claims that there was no competent evidence of a clerical error sufficient to overcome the presumption that the original judgment was correct. He points out that there is no record of the hearing and there are no docket entries, judge's minutes or other papers that would support an order nunc pro tunc. He also contends that the judge's memory is not a proper basis for an order nunc pro tunc. Riedel, on the other hand, contends that the trial court did not err in entering judgment nunc pro tunc on the basis that the court made a ministerial clerical error in checking the incorrect boxes on the judgment form. Riedel claims that there is competent evidence in the docket sheet and court file containing docket entries, pleadings and a judgment to support the order nunc pro tunc that speaks the truth of what happened on March 18, 1997.

In *Pirtle v. Cook*, 956 S.W.2d 235 (Mo. banc 1997), the Missouri Supreme Court provides a comprehensive review of the power that a court retains over its judgments. The court pointed out that a court's power to change its judgments is a threat to the finality of judgments and is, therefore, limited. *Id.* at 240. The jurisdiction of a court over its judgments is distinguished from its jurisdiction over its records. In the former case, Rule 75.01 prescribes a thirty-day period in which the court retains jurisdiction over a judgment. As to its records, however, a court's jurisdiction is not bound by time constraints. *Id.* Correction of the court's records may be made at any time, notwithstanding the question of whether the court has jurisdiction over the cause. Correction of the records is, however, severely constrained by the nature of the change sought.

■ As the court in *Miller v. Varity Corp.*, 922 S.W.2d 821, 824 (Mo.App.1996) notes, the term "nunc pro tunc" is a Latin rendition of the phrase "now for then." Use of an order nunc pro tunc is extremely limited. *Blake v. Irwin*, 913 S.W.2d 923, 933 (Mo.App.1996). It is intended as a device whereby a court may correct clerical errors or omissions in the record that inaccurately reflect the judgment actually rendered by the court. *Pirtle*, 956 S.W.2d at 240. A nunc pro tunc amendment may not be used to alter or amend the judgment rendered. *Id.* The *Pirtle* court looks to the nature of the court's order; whether it changes the original judgment in the case or whether the change is merely to the record. *Id.* at 242. It is the nature of the error that is at issue, not the identity of the person making the error. A judge may make a clerical error. *Blankenship v. Grandy's, Inc.*, 839 S.W.2d 680, 683 (Mo.App.1992).

■ Parol evidence will not support an order nunc pro tunc, and there must be a source supporting the order in the court's record or papers. *Miller*, 922 S.W.2d at 824. This has been the rule in Missouri for over one hundred years. *See Ross v. Kansas City, Ft.S. & M.R. Co.*, 141 Mo. 390, 395, 38 S.W. 926, 927 (1897). A judge's recollection of what occurred may not serve as the basis for an order nunc pro tunc. *Id.; Meek v. Pizza Inn*, 903 S.W.2d 541, 545 (Mo.App. 1995); *Blankenship*, 839 S.W.2d at 683. "It is not proper to amend a decree nunc pro tunc to correct judicial inadvertence, omission, oversight or error, or to show what the court might or should have done as distinguished from what it actually did, or to conform to what the court intended to do but did not do." *In re Marriage of Royall*, 569 S.W.2d 369, 371 (Mo.App.1978).

### A Nunc Pro Tunc Is Permitted To Change The Court's Records But Is Not Permitted To Change The Basic Effect Of The Judgment Without Some Objective Substantiation In The Record

Under Rule 75.01 of the Supreme Court Rules, a trial court has the same power during a 30–day period following rendition of a judgment to vacate, modify or set aside the judgment that common law courts traditionally possessed during the same term of court that a judgment was entered. After the

abolition in Missouri of the concept of terms of court, the court's power over its judgment was embodied in statutes and Supreme Court Rules that authorized trial courts to retain jurisdiction over judgments for a limited period. These statutes and rules were eventually combined into Rule 75.01. *Pirtle*, 956 S.W.2d at 240.

Nunc pro tunc orders, in contrast, have a different history. The power to enter a nunc pro tunc is a common law power derived from a court's inherent and continuing jurisdiction over its records. The jurisdiction over the court's records exists independently of the court's jurisdiction over its cause or its judgment. Thus, the correction of the record can be made at any time regardless of whether the court has jurisdiction over the cause. *Id.* The power to issue nunc pro tunc orders, however, constitutes no more than the power to make the record conform to the judgment already rendered; it cannot change the judgment itself. *Id.* The common law power to correct the record continues to this day. In 1988, Rule 74.06(a) embodied this power by authorizing a court to correct clerical errors. *Id.* at 241. Because a nunc pro tunc order merely causes the record to reflect the true judgment of the court, this power can be exercised at any time. *Id.* The changes relate back to the original judgment and do not constitute a new judgment. *Id.*

**An Order Changing the Operative Terms of a Judgment is Presumed to be an Unauthorized Change in the Judgment.**

**The Party Seeking to Uphold the Changes Must Rebut the Presumption.**

When characterizing a court's order, it is necessary to determine whether the order changes the original judgment or only the record. *Id.* at 242. As the court in *Pirtle* noted, the determination of whether an order corrects the record or amends the judgment "is not made on a level playing field." *Id.* at

243. This is because the court indulges a presumption that there are no clerical errors in judgments. *Id.* This presumption apparently embodies the public policy in Missouri in favor of the stability of judgments. It simply is not a good idea to allow a judge unlimited liberty to go around changing the terms of judgments when the judge concludes that the judgment is erroneous. Because of our public policy of protecting the stability of judgments, the party seeking to uphold the change must rebut the presumption. If the presumption that the original judgment did not have a clerical error is not rebutted, then any order that changes the way the judgment is expressed is presumed to be unauthorized. *Id.*

The parties seeking to show that an order is an order nunc pro tunc must show that the original judgment entry did not accurately reflect the court's actual judgment and that the subsequent order merely caused the record to conform to the true judicial determination of the parties' rights. *Id.* To constitute an order of nunc pro tunc, the order cannot correct anything that resulted from the exercise of judicial discretion because any such change constitutes a change in the court's judgment. *Id.* Thus, the clerical error must be discernible from the record. *Id.*

The case before us was an associate circuit proceeding in which no record was required to be made. Unfortunately, perusal of the pleadings offers no assistance in discerning the intent of the court at the time the judgment was entered because both the plaintiff's claim and the counterclaim sought damages in the precise amount of $3,000.00, which was the amount awarded in the case. The only support for the conclusion that the judgment was erroneous is the memory of the trial court. While we have no reason to doubt that the trial court's memory is accurate, the judge's memory, standing alone, cannot serve as competent evidence to rebut the presumption that the judgment is correct. *Meek*, 903 S.W.2d at 545.

Riedel stresses that the whole record is to be examined in determining the propriety of

an order nunc pro tunc. We agree. The cases Riedel cites, however, do not assist Riedel. Riedel cites *First Nat'l Bank of Collinsville, Ill. v. Goldfarb*, 527 S.W.2d 427 (Mo.App.1975) and *Miller v. Varity Corp.*, 922 S.W.2d 821 (Mo.App.1996). In both cases, however, there were pleadings, notations, or documents to support the view that a clerical error had been made in the case. In *Goldfarb*, for example the trial court amended a judgment to show that the judgment was rendered against the "defendants" instead of the "defendant." The nunc pro tunc entry was held to be correctly made. The pleadings, answer, all motions and papers filed in the suit referred to "defendants" and established that the judgment was rendered against both defendants. There is nothing comparable in the instant case. To the contrary, the available evidence in the record shows only that a judgment was rendered in favor of "plaintiff" (Dobson). The trial court checked three boxes on the form indicating that its judgment was for plaintiff, boxes showing a judgment for plaintiff on plaintiff's claim, for plaintiff on defendant's counterclaim and assigning costs to the defendant. The amendment showing judgment for defendant fundamentally alters the judgment without any substantiation of a clerical error. Hence, we have no alternative but to find the trial court erred in entering its order.

Riedel suggests that "the record" should be regarded as including the court's entry on September 10, 1997, six months after the case had been heard, indicating that the record does not reflect the judgment in the case. In other words, Riedel wants to use the amended judgment entry (reflecting the judge's memory) to validate the amended judgment entry. Obviously, such an approach cannot be entertained without demolishing the rule that there must be support in the record for the order.

Riedel also complains that requiring a record in the instant case would be unjust be-cause it was an associate circuit proceeding and that rigid application of the rule would be discriminatory against smaller claims. Riedel cites no authority to the effect that the law requires a different rule as to smaller judgments heard before a court without a required record. We know of no authority to rule differently in this case on that basis.

Although we assume the trial court's memory was accurate, and the initial judgment was wrong, the court's purported nunc pro tunc was unauthorized because no clerical mistake can be discerned from the record. Thus, we must be guided by the presumption that the court's amendment was an unauthorized, out-of-time, amendment of the judgment.

Riedel does not offer any other theory upon which the order could be justified, and we are not aware of any.[1] Therefore, we have addressed only the issue of whether the amendment can be validated as an order nunc pro tunc. However, since Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment on equitable grounds, Riedel may still be able to pursue relief from having to pay the judgment to Dobson. See Rule 74.06(d). That issue is not before us, and we do not address the issue. We determine only that the court's order of October 7, 1997, was not authorized because it was not made within the period of time the court retains control over its judgments under Rule 75.01, and it was not shown to be the correction of a clerical error. The trial court's order of October 7, 1997, is vacated.

ULRICH, C.J., P.J., and BRECKENRIDGE, J., concur.

---

1. We need not decide whether, upon motion filed within one year under Rule 74.06(b), the judgment could have been set aside on grounds of "mistake," because here the motion was not one to set the judgment aside and conduct further proceedings, but rather it was one to "correct" the judgment, resulting in a 180 degree change in the effect of the judgment.