**STATE of Missouri, Respondent,**

v.

**John D. LaJOY, Appellant.**

**No. ED 88009.**

Missouri Court of Appeals,
Eastern District,
Division One.

March 13, 2007.

---

John D. LaJoy, Jefferson City, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephanie Morrell, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

John LaJoy ("Appellant") appeals the denial of his nunc pro tunc motion in which he claims that the written judgment and sentence of the court incorrectly noted that Appellant was found to be a persistent drug offender. In his sole point on appeal, Appellant argues that the trial court erred in its denial of his claim of a material discrepancy between the trial court's oral pronouncement of his sentence and the amended written sentence and judgment. We reverse and remand.

### Factual and Procedural Background

In February, 1996, Appellant was charged with one count of delivery of a controlled substance, in violation of Section 195.211 [1] and as a prior and persistent offender in violation of Section 558.016.[2] A jury trial was held on February 28, 1996. Before the trial began, the State presented evidence that Appellant had three different felony convictions.[3] The trial court found that Appellant was a prior and persistent offender under Section 558.016. In the light most favorable to the verdict, the evidence at trial showed that Appellant sold crack cocaine to William Holland, who was working with the Northeast Area Task Force of Hannibal, Missouri. Appellant presented no evidence in his defense and was convicted.

Appellant's sentencing hearing took place on March 26, 1996. At the hearing, the State emphasized that Appellant was charged as a prior and persistent offender under Section 558.016. The trial court took judicial notice of Appellant's three prior felony convictions and sentenced him to twenty-five years in prison. Although Appellant was never charged or found to be a persistent *drug* offender under Section 195.295,[4] both the original and amended written sentence and judgment stated that Appellant was convicted as a persistent *drug* offender under Section 195.295.

On February 24, 2006, Appellant filed a nunc pro tunc motion to have his written judgment and sentence changed to correctly reflect that he was not convicted as a persistent drug offender. The motion was denied on April 21, 2006, and Appellant appeals.

### Standard of Review

■ The court reviews the denial of a nunc pro tunc under the standard of review applicable to any other court-tried case. *Eckhoff v. Eckhoff*, 71 S.W.3d 619, 622 (Mo.App. W.D.2002). The decision of the trial court will be affirmed "unless it is not supported by substantial evidence, is against the weight of the evidence, or erroneously declares or applies the law." *Id.* (citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976)). The judgment will be affirmed if it is " 'cognizable under any theory, regardless of whether the reasons advanced by the trial court are wrong or not sufficient.' " *Id.* (quoting *Business Men's Assurance Co. v. Graham*, 984 S.W.2d 501, 506 (Mo. banc 1999)).

### Discussion

■ Appellant argues that the trial court incorrectly denied his nunc pro tunc motion to correct his written sentence and judgment. "Clerical mistakes in judg-

1. All statutory references are to RSMo 1994, unless otherwise indicated.

2. Section 558.016 provides in part, "A 'prior offender' is one who has pleaded guilty to or has been found guilty of one felony.... A 'persistent offender' is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times."

3. Prior to this conviction, Appellant had pleaded guilty to three felonies. On October 12, 1989, Appellant pleaded guilty to the felonies of 1) conspiring to sell a controlled substance, on November 20, 1988; 2) selling marijuana, on November 20, 1988; and 3)

conspiring to sell a controlled substance, on January 12, 1989.

4. Section 195.275 defines a " 'Prior drug offender' [as] one who has previously pleaded guilty to or has been found guilty of any felony offense of the laws of this state, or of the United States, or any other state, territory or district relating to controlled substances; and a 'Persistent drug offender' [as] one who has previously pleaded guilty to or has been found guilty of two or more felony offenses of the laws of this state or of the United States, or any other state, territory or district relating to controlled substances."

ments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders." Rule 29.12(c).[5] The error must be clerical and not judicial, and the error may be corrected only if the intention of judge clearly appears in the record. *State v. Carrasco*, 877 S.W.2d 115, 117 (Mo. banc 1994).

 "In criminal cases, generally, the written sentence and judgment of the trial court should reflect its oral pronouncement of sentence before the defendant." *State v. Patterson*, 959 S.W.2d 940, 941 (Mo.App. E.D.1998). The trial court may amend its oral sentence until it is written, but the defendant must return to court for resentencing. *Id.* When the oral sentence and the written sentence materially conflict, the oral pronouncement controls. *Id.*

 Appellant was orally sentenced to twenty-five years in prison as a prior and persistent offender under Section 558.016. At a pre-trial hearing on February 28, 1996, the court found Appellant to be a prior and persistent offender beyond a reasonable doubt. Again at the sentencing hearing, the court stated that Appellant was convicted as a prior and persistent offender under Section 558.016. There is no mention in the record of Section 195.295, except for in the written sentence. The intent of the judge to sentence Appellant under Section 558.016 is clear and the error is clerical. This discrepancy is material as conviction as a persistent drug offender precludes parole, while persistent offenders are eligible for parole. The State concedes this point and requests that this cause be remanded to the trial court to correct the clerical error.

There is a material discrepancy between the oral sentence and the written sentence,

which was caused by a clerical error. Therefore, the trial court erred in denying Appellant's nunc pro tunc motion. The decision of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

CLIFFORD H. AHRENS, P.J., and MARY K. HOFF, J., concur.

5. All rule references are to Mo. Rules Crim. P.2004, unless otherwise indicated