STATE of Missouri, Respondent,

v.

Dalvin D. JOHNSON, Appellant.

WD 79320

Missouri Court of Appeals,
Western District.

OPINION FILED: May 2, 2017

Application for Transfer to Supreme
Court Denied May 25, 2017

Damien DeLoyola, Kansas City, MO, Counsel for Appellant.

Daniel McPherson, Jefferson City, MO, Counsel for Respondent.

Before Division Two: Thomas H. Newton, P.J., James Edward Welsh, and Karen King Mitchell, JJ.

Thomas H. Newton, Presiding Judge

Mr. Dalvin Johnson appeals from a judgment convicting him of second-degree felony murder, § 565.021, first-degree attempted robbery, §§ 564.011 and 569.020, and two counts of armed criminal action, § 571.015. Mr. Johnson asserts that the trial court erred in failing to dismiss one count of armed criminal action related to the attempted robbery charge because an armed criminal action conviction cannot be predicated on an attempted offense. He also argues that the trial court failed to accurately memorialize the verdict on Count III, attempted first-degree robbery. We affirm in part and reverse in part.

Mr. Dalvin Johnson was charged in an information with second-degree felony murder (Count I), armed criminal action with felony murder as the underlying offense (Count II), first-degree robbery (Count III), and armed criminal action with first-degree robbery as the underlying offense (Count IV). Viewed in the light most favorable to the verdict, the following evidence was adduced at trial:

Mr. Johnson discussed robbing Mr. Joseph Jones with Ms. Shyanne Smith and Mr. Adrian Botello. Ms. Smith had previously dated Mr. Jones and suggested him as a potential robbery target. Under the group's plan, Ms. Smith's brother, Mr. Dakota Smith, would go to Mr. Jones's house and tell him that Ms. Smith was waiting for him at a nearby gas station. Mr. Johnson and Mr. Botello would then wait in an abandoned house to rob Mr. Jones as he passed by. Mr. Johnson was armed with a handgun that he carried in the waistband of his pants, while Mr. Botello was armed with a BB gun.

Mr. Smith convinced Mr. Jones to join him at the gas station, while Mr. Johnson and Mr. Botello followed at a distance. Eventually, Mr. Johnson got in front of Mr. Jones while Mr. Botello stood to the side. Mr. Johnson pointed the handgun at Mr. Jones, and Mr. Botello told him to empty his pockets. Mr. Jones rushed toward Mr. Botello, and Mr. Johnson shot Mr. Jones in the neck, severing his cervical

spine. As the others ran, Mr. Johnson searched Mr. Jones's pockets. A responding police officer found Mr. Jones lying in the middle of the street. Mr. Jones's pulse stopped as the officer was checking it. At the scene, police recovered a cell phone, the BB gun, and keys dropped by Mr. Botello.

Police later linked the Smiths and Mr. Botello to the shooting. They were questioned and eventually implicated Mr. Johnson. Police obtained surveillance footage showing Mr. Smith, Ms. Smith, Mr. Botello, and Mr. Johnson walking down the street before the shooting.[1] Police issued a pick-up order for Mr. Johnson in connection with Mr. Jones's murder. Ultimately, a patrol officer caught Mr. Johnson hiding in a shed following a reckless-driving pursuit during which Mr. Johnson lost control of the car and ran.

Mr. Johnson did not testify or present any evidence at trial. The jury was instructed on the charged offenses and the lesser-included offenses. The jury was also instructed on armed criminal action in connection with each offense. The jury convicted Mr. Johnson of second-degree felony murder, § 565.021, attempted first-degree robbery, §§ 564.011 and 569.020, and two counts of armed criminal action, § 571.015. The jury returned a verdict in the punishment phase of trial of thirty years' imprisonment for second-degree murder, ten years on the charge of armed criminal action associated with the murder count, fifteen years for attempted robbery, and five years for the charge of armed criminal action associated with the attempted robbery count. The court imposed the jury's recommended sentences and ordered that they be served concurrently. This appeal follows.

## Legal Analysis

In the first point, Mr. Johnson argues that the trial court erred when it failed to dismiss Count IV based on the failure of the information to state an offense. Mr. Johnson asserts that, because armed criminal action cannot be predicated on an attempted offense, his conviction cannot stand because it was predicated on attempted first-degree robbery. "[W]hether an information fails to state an offense is a question of law, which we review de novo." *State v. Metzinger*, 456 S.W.3d 84, 89 (Mo. App. E.D. 2015); *see also State v. Rousseau*, 34 S.W.3d 254, 259 (Mo. App. W.D. 2000). In the second point, Mr. Johnson argues that the trial court erred in overruling his motions for acquittal and entering a judgment of conviction on Count IV because armed criminal action cannot be predicated on an attempted offense and this charge was predicated on attempted first-degree robbery. Mr. Johnson fashioned his claim in Point II as one of sufficiency of evidence; this claim, however, is based entirely on statutory interpretation. Therefore, the second point involves a question of law that this Court reviews *de novo. State v. Meyers*, 333 S.W.3d 39, 46–47 (Mo. App. W.D. 2010). In the third point, Mr. Johnson argues that the trial court plainly erred in submitting Instruction Number 11 because armed criminal action cannot be predicated on an attempted offense and it is error for a court to give an instruction that contains conduct not prohibited by statute. Because these points address the same underlying issue, whether a charge and conviction of armed criminal action can be predicated on an attempted offense, we will address these points together.

When the issue of an insufficient indictment is raised for the first time after verdict, the indictment "will be

1. The jury viewed the video and still photo-graphs taken from this video.

deemed insufficient only if it is so defective that (1) it does not by any reasonable construction charge the offense of which the defendant was convicted or (2) the substantial rights of the defendant to prepare a defense and plead former jeopardy in the event of acquittal are prejudiced." *State v. Parkhurst,* 845 S.W.2d 31, 35 (Mo. banc 1992). In either case, a defendant will not be entitled to relief unless the defendant can demonstrate "actual prejudice." *Id.* "A defendant suffers actual prejudice if the information or indictment was either so deficient that the defendant was not placed on notice as to what crime he or she was being charged with or was so lacking in clarity that the defendant was unable properly to prepare a defense." *State v. Williams,* 126 S.W.3d 377, 381 (Mo. banc 2004).

*State v. Flores,* 437 S.W.3d 779, 796 (Mo. App. W.D. 2014).

Section 571.015.1 [2] defines armed criminal action as:

[A]ny person who commits any felony under the laws of this state by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon is also guilty of the crime of armed criminal action and, upon conviction, shall be punished by imprisonment by the department of corrections and human resources for a term of not less than three years. The punishment imposed pursuant to this subsection shall be in addition to any punishment provided by law for the crime committed by, with, or through the use, assistance, or aid of a dangerous instrument or deadly weapon. No person convicted under this subsection shall be eligible for parole, probation, conditional release or suspended imposition or execution of sentence for a period of three calendar years.

Section 564.011 defines attempt as:

1. A person is guilty of attempt to commit an offense when, with the purpose of committing the offense, he does any act which is a substantial step towards the commission of the offense. A **"substantial step"** is conduct which is strongly corroborative of the firmness of the actor's purpose to complete the commission of the offense.

2. It is no defense to a prosecution under this section that the offense attempted was, under the actual attendant circumstances, factually or legally impossible of commission, if such offense could have been committed had the attendant circumstances been as the actor believed them to be.

3. Unless otherwise provided, an attempt to commit an offense is a:

   (1) Class B felony if the offense attempted is a class A felony.

   (2) Class C felony if the offense attempted is a class B felony.

   (3) Class D felony if the offense attempted is a class C felony.

   (4) Class A misdemeanor if the offense attempted is a class D felony.

   (5) Class C misdemeanor if the offense attempted is a misdemeanor of any degree.

Looking at the plain language of these statutes, it is clear that armed criminal action incorporates all of the elements of the underlying felony. *See State v. Hyman,* 37 S.W.3d 384, 391 (Mo. App. W.D. 2001) ("By this definition, armed criminal action incorporates all the elements of the underlying felony. Having no independent existence, armed criminal action requires con-

---

**2.** Statutory references are to RSMo (2000), as supplemented, unless otherwise indicated.

viction of an underlying felony. Armed criminal action may be based on any felony not specifically excluded, not just on sexual felonies. Yet whatever the underlying felony may be, armed criminal action carries a separate, distinct, and additional punishment. Each time a dangerous instrument is used in effectuating a felony, a separate crime of armed criminal action occurs.").

██ The jury found Mr. Johnson guilty of attempted first-degree robbery. Accordingly, the jury believed that Mr. Johnson was armed with a deadly weapon and shot Mr. Jones as a substantial step toward the commission of the offense of first-degree robbery. Due to this belief, Mr. Johnson was convicted of a class B felony. Armed criminal action has two elements: "1) commission of a felony 2) by, with, or through the use, assistance or aid of a dangerous instrument or deadly weapon." *State v. Smith*, 242 S.W.3d 735, 742 (Mo. App. S.D. 2007). Mr. Johnson committed the class B felony of attempted first-degree robbery while armed with a deadly weapon; his conviction of attempt clearly meets the requirement to uphold a conviction of armed criminal action based on the plain language of section 571.015.1. Thus, the indictment was sufficient because Mr. Johnson was placed on notice of what crimes he was being charged with and was able to properly prepare a defense. Mr. Johnson does not raise any other challenges to his conviction under Count IV. Accordingly, because armed criminal action requires the commission of a felony and Mr. Johnson was convicted of the class B felony of attempted first-degree robbery, the charge of armed criminal action can be predicated on an attempted offense. Points one, two, and three are denied.

██ In his fourth and final point, Mr. Johnson argues that the trial court erred when it failed to accurately memorialize the verdict on Count III; the jury found him guilty of the B felony of attempted first-degree robbery, while the judgment lists Count III as the A felony of first-degree robbery.

██ "The power to enter a nunc pro tunc is a common law power derived from a court's inherent and continuing jurisdiction over its records. The jurisdiction over the court's records exists independently of the court's jurisdiction over its cause or its judgment." *Dobson v. Riedel Survey & Eng'g Co., Inc.*, 973 S.W.2d 918, 922 (Mo. App. W.D. 1998). This power, however, simply allows the court to make the record conform to the judgment already rendered. *Id.* The court cannot change the judgment itself. *Id.* "Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time after such notice, if any, as the court orders." Rule 29.12(c).[3] "In criminal cases, generally, the written sentence and judgment of the trial court should reflect its oral pronouncement of sentence before the defendant." *State v. LaJoy*, 216 S.W.3d 256, 259 (Mo. App. E.D. 2007). "When the oral sentence and the written sentence materially conflict, the oral pronouncement controls." *Id.*

Here, in Count III, Mr. Johnson was charged with first-degree robbery and the lesser offense of attempted first-degree robbery. At the conclusion of trial, the jury found Mr. Johnson guilty of attempted first-degree robbery. The trial court's judgment, however, states that Mr. Johnson was convicted of "Count III Robbery 1st degree." Because the judgment does not reflect the correct felony conviction for Count III as set forth in the jury verdict, this Court authorizes the correction of the

---

**3.** Rule references are to Mo. Rules of Criminal Procedure (2015) unless otherwise indicated.

clerical mistake by remanding to the trial court to amend its judgment to conform to the record. Point four is granted.

## Conclusion

Because the plain language of section 571.015.1 requires the commission of a felony with the use of a deadly weapon and attempted first-degree robbery is a class B felony, this Court finds that a conviction for armed criminal action can be predicated on the attempted crime. In addition, because the written sentence and judgment of the trial court should reflect its oral pronouncement, we agree with both parties that the judgment should be altered to correct the clerical mistake. Therefore, we affirm the trial court's judgment on the convictions of second-degree felony murder, attempted first-degree robbery and the two counts of armed criminal action. We remand the case to the trial court, however, to amend its judgment to conform to the felony classification evidenced in the record.

James E. Welsh, and Karen King Mitchell, JJ. concur.