Mark D. Pfeiffer, Chief Judge
The State of Missouri ("State") appeals the judgment of the Circuit Court of Randolph County, Missouri ("trial court"), granting Mr. William Dale Baker's ("Baker") motion to dismiss the State's charge of forgery wherein the trial court concluded that the facts as alleged were insufficient to support a charge of forgery. We affirm.
Factual Background
On October 30, 2016, law enforcement received a call from a minor, J.Z.,[1] reporting that her debit card had been stolen from her residence.[2] She had last seen her debit card the previous day on a table in the living room of her home. J.Z. contacted her debit card company and was informed that her card had been recently used at a Dollar General Store and online at the Google Play App Store. Before the unauthorized uses, the debit card had a balance of $90.00, but after the unauthorized uses only thirty-three cents remained. J.Z. learned that the debit card had been used *446 at the Dollar General Store to make a purchase of $2.40 and a $30.00 cash withdrawal. J.Z. informed law enforcement that these purchases were not made by her and that Baker had been at her residence to see her mother the previous day and could have taken the card because he was alone for a period of time at the residence. Law enforcement contacted the Dollar General Store and was able to review the surveillance video at the time of the purchase and cash withdrawal. The investigating officer was able to identify Baker paying for candy and receiving a cash withdrawal at the store on October 29.
The State originally charged Baker by information ("First Information") with one count of the Class C felony of forgery and one count of the Class A misdemeanor of stealing. The felony charge alleged that Baker, "with the purpose to defraud, made or authenticated a writing, namely a debit card PIN, so that it purported to have been made by authority of one who did not give such authority."[3] A guilty-plea hearing was conducted on February 22, 2017, at which Baker agreed to plead guilty to forgery. The State recited the factual basis for the forgery count as set forth above. The trial court, however, refused to allow Baker to enter a guilty plea to the forgery charge as the trial court found that the factual basis for the plea was insufficient to support it. The case was continued to April 12, 2017.
On February 24, 2017, the State filed a motion for leave to file an amended felony information ("Amended Information"), which was granted by the trial court. The Amended Information, in relevant part as it related to its Count I forgery charge pursuant to section 570.090.1(3), alleged that Baker, "with the purpose to defraud, made a transaction, so that it purported to have a genuineness or authorship that it did not possess." On February 28, Baker filed his Motion to Dismiss ("Motion"), arguing that the acts alleged by the State did not constitute or support the offense as charged. A hearing was conducted by the trial court regarding Baker's Motion. The trial court granted the Motion regarding the dismissal of Count I of the Amended Information, the forgery charge. The State requested written findings from the trial court as to the forgery charge since the State expressed to the trial court that it intended to immediately appeal the dismissal of the forgery charge. To facilitate the finality of the proceedings below so that the State could proceed with an immediate appeal, the State advised the trial court that it would dismiss Count II, the remaining misdemeanor stealing charge. The trial court complied with the State's request and entered its written judgment granting the Motion on March 27, 2017. The State now appeals raising three claims of error.
Jurisdiction and Point III on Appeal
The right of the State to appeal in criminal cases is governed by section 547.200. As none of the bases for appeal in section 547.200.1 are applicable here, this appeal is governed by section 547.200.2, which "permits the State to appeal 'in all other criminal cases except in those cases where the possible outcome of such an appeal would result in double jeopardy for the defendant.' "
*447 State v. March , 130 S.W.3d 746, 747 (Mo. App. E.D. 2004) (quoting § 547.200.2). The ability of the State to bring such an appeal is also governed by the rules set forth by the Missouri Supreme Court. See § 547.200.5. Although not specifically required by statute, the rules set forth by the Missouri Supreme Court require a final judgment before an appeal may be pursued under section 547.200.2. March , 130 S.W.3d at 747 (citing State v. Burns , 994 S.W.2d 941, 942 (Mo. banc 1999) ); see also Rule 30.01.[4]
Here, Baker requested the dismissal of the forgery charge with prejudice and the trial court granted the motion. Thereafter, the State requested the entry of a final judgment by the trial court as to the forgery charge and even dismissed its remaining charge of the Amended Information, leaving no additional counts pending in the Amended Information. The trial court then entered its written and signed judgment dismissing Count I of the Amended Information, the forgery charge, on the basis of a deficiency in the information, i.e. , failure to allege facts constituting an offense under section 570.090.1(3). The judgment, however, does not specify whether the dismissal was with or without prejudice.
We need not decide whether the dismissal of the forgery charge was with or without prejudice because in either circumstance we find that the judgment constituted a final judgment subject to appeal. If the dismissal was with prejudice, it is a final order and appealable. State v. Smothers , 297 S.W.3d 626, 630 (Mo. App. W.D. 2009) (dismissal with prejudice is a final order); see also Rule 30.01. However, even if the dismissal was without prejudice, the order is appealable if the "dismissal has the 'practical effect of terminating the litigation in the form in which it is cast or in the plaintiff's chosen forum.' " Smothers , 297 S.W.3d at 630 (quoting Burns , 994 S.W.2d at 943 ). In Smothers , the trial court granted the defendant's motion to dismiss without prejudice the charge of forgery because the State's evidence did not support a conviction under the charge. Id. at 629-30. This Court found that under such circumstances, the judgment was appealable as it had the practical effect of terminating the litigation in the form in which it was cast and, therefore, the judgment was final and appealable. Id. at 631. The circumstances in this case are virtually identical. In addition, double jeopardy is not at issue, as jeopardy does not attach when an indictment or information is dismissed for the failure to charge an offense. See State v. Reed , 770 S.W.2d 517, 520 (Mo. App. E.D. 1989).
This does not end our jurisdictional analysis, however, because the State has chosen to take completely contradictory positions on appeal on the topic of jurisdiction. On the one hand, the State argues in its first two points on appeal that this Court has jurisdiction to entertain this appeal because the trial court's judgment is a "final judgment" and has disposed of "all disputed issues in the case and leaves nothing for adjudication." Burns , 994 S.W.2d at 942 (internal quotation marks omitted). Arguing in support of a finding that it is an appeal from a final judgment, the State also states in its appellate briefing that the judgment is final where "the trial court enters an order of dismissal or discharge of the defendant prior to trial which has the effect of foreclosing any further prosecution of the defendant on a particular charge." Id. This, the State claims, is exactly what the trial court's judgment represents. If , however, the State does not prevail in its substantive *448 points on appeal, Points I and II, then the State argues in Point III that there is no final judgment because upon the dismissal of the Amended Information, the felony forgery charge in the First Information was "revitalized."[5]
To summarize: At the plea hearing, the trial court refused to accept the guilty plea, as the trial court believed there was not a sufficient factual basis for a section 570.090.1(1) forgery guilty plea-based upon the allegations in the First Information. The State responded by filing an Amended Information in which it amended its forgery charge to be instituted pursuant to section 570.090.1(3); again, believing there was no factual basis for the forgery charge in the Amended Information, the trial court dismissed the forgery charge in the Amended Information. Instead of asserting a desire to proceed under the First Information-which the State already knew the trial court would not permit (as to the section 570.090.1(1) forgery charge)-the State announced its desire for the trial court to accept the State's invitation to enter a final judgment, thereby permitting the State to proceed with an immediate appeal of the Amended Information forgery charge dismissal. So as to reach "finality," the State even dismissed the remaining charge of the Amended Information. Thereafter, the trial court issued the judgment requested by the State, and the State immediately appealed from that judgment. On appeal, the State takes the position that the judgment below is a final judgment and we possess jurisdiction as long as we grant relief to the State on either Point I or Point II; however, if we choose not to grant relief to the State on either of their first two points on appeal, then the State argues that we should convict the trial court of erring in entering the judgment that the State, procedurally, orchestrated below. This we will not do.
The State's actions below constitute an abandonment of the First Information, enabling the State to proceed with its appeal of the trial court's dismissal of the forgery charge in the Amended Information. Further, "[i]t is axiomatic that appellate courts will not reverse a trial court on the basis of an invited error." In Matter of Care & Treatment of George v. State , 515 S.W.3d 791, 803 (Mo. App. W.D. 2017) (internal quotation and citation omitted).
The trial court's judgment was final and appealable, and this Court possesses jurisdiction to consider the appeal.
Point III is denied.
Analysis-Points I and II
For ease of analysis, we begin with the State's Point II on appeal addressing the primary issue of whether the trial court erred in granting Baker's Motion because, as the State argues, it sufficiently alleged facts to support the forgery charge in that Baker, with the purpose to defraud, made a transaction that purported to have a genuineness or authorship that it did not possess.
Whether an information fails to state an offense is a question of law, which we review de novo. State v. Johnson , 524 S.W.3d 137, 139 (Mo. App. W.D. 2017). When interpreting statutes, this Court's *449 primary responsibility is to "ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." State v. Rousseau , 34 S.W.3d 254, 259 (Mo. App. W.D. 2000).
The relevant forgery statute as charged under subsection 3 in the Amended Information states as follows:
A person commits the offense of forgery if, with the purpose to defraud, the person ... [m]akes or alters anything other than a writing, including receipts and universal product codes, so that it purports to have a genuineness, antiquity, rarity, ownership or authorship which it does not possess[.]
§ 570.090.1(3). The legislative comment to the 1973 version of the statute states:
The present section was adopted in 1955 and covers forgery of documents having legal or commercial significance. Included within this definition would be the forging of false coins and slugs. It also covers a thing other than a writing when it is made or altered so as to appear to have some valuable attribute which it does not in fact have.
§ 570.090 cmt. (emphasis added).
The facts for the purpose of this appeal are straightforward. Baker took J.Z.'s debit card from her home and used her PIN without her permission to defraud her of approximately $90.00. The question then is whether these acts may constitute forgery under section 570.090.1(3).[6] Section 570.090.1(3) contains three elements. First, the defendant must act with the purpose to defraud. Second, the defendant must make or alter anything other than a writing. Third, the making or altering of the thing must be done so that it purports to have a genuineness, antiquity, rarity, ownership, or authorship which it does not possess. The existence of facts supporting the first element, the purpose to defraud, is not disputed by Baker below or on appeal.[7] Regarding the second and third elements, the State argues that, by using J.Z.'s debit card and entering her PIN, Baker "made a transaction" that purported to have a genuineness or authorship that it does not have. In the Motion below, Baker disputed the existence of these facts and the trial court agreed, thereby granting the Motion. We agree with the trial court.
Historically, forgery has been deemed to be an offense " 'aimed at safeguarding confidence in the genuineness of documents relied upon in commercial and business activity.' " State v. Hudson , 793 S.W.2d 872, 879 (Mo. App. E.D. 1990) (quoting WAYNE S. LAFAVE & AUSTIN W. SCOTT , JR ., CRIMINAL LAW 671 (1972)). Therefore, an essential element of any forgery offense was a false writing or alteration of a written instrument. See id. (false writing subject to forgery is a requisite element); 36 AM. JUR. 2D Forgery § 5 (2011) (false writing *450 or alteration of an instrument with a capability to defraud are essential elements). Courts have concluded that the fraudulent signing of a credit card receipt is sufficient to support a charge of forgery. See Hudson , 793 S.W.2d at 880-81 (holding that forgery was established where appellant signed the receipt and completed a writing purporting to have been made by another and without the authority of the owner of the charge account); see also Marjorie A. Shields, Annotation, Signing Credit Charge, Credit Sales Slip, or Credit Electronic Point of Sale Terminal, as Forgery , 80 A.L.R. 6th 599, 610 (2012) (collecting cases from across the country and summarizing that "[g]eneral forgery statutes have been applied in credit card abuse cases, and the authorities are in agreement that a credit charge slip or credit sales slip may be the subject of forgery"). Unlike a credit card transaction, however, the debit card transaction in this case did not require Baker to sign his or any other name to a receipt and did not require the making or altering of any other tangible thing.
And, as we have previously explained,
subsections 3 and 4 [of section 570.090.1] both require a purpose to defraud and a "thing" that purports to have a genuineness, antiquity, rarity, ownership, or authorship that it does not possess (hereafter "inauthentic item"). Subsection 3 requires the State to prove that the accused actually made or altered the inauthentic item; section 4, however, does not require the State to prove that the accused made or altered anything himself, but merely that he knew the inauthentic item had been made or altered so that it purported to have a genuineness it did not possess.
State v. Smothers , 297 S.W.3d 626, 633 (Mo. App. W.D. 2009). This interpretation of the statute is supported by the legislative comment referenced earlier herein, which applies only to subsection 3, stating that it "covers a thing other than a writing when it is made or altered so as to appear to have some valuable attribute which it does not in fact have." § 570.090 cmt. (emphasis added).
That said, in Missouri, the forgery statute specifically contemplates that physical objects other than a writing may also be acted upon in such a way as to support the offense of forgery. See, e.g., Smothers , 297 S.W.3d at 635 (holding that urine sample could be subject to forgery); State v. Wakefield , 682 S.W.2d 136, 141-42 (Mo. App. S.D. 1984) (holding that a vehicle identification number could be subject to forgery). Here, however, the "transaction" targeted as a forgery by the State is the "purchase with a debit card that did not belong to [Baker] by typing in the correct PIN number." This allegation thus suggests that the debit card was not altered and the correct PIN number was presented at the time of the transaction. The State has identified no case in which a Missouri court has held that an intangible electronic transaction, such as the subject debit transaction, can be the subject of a section 570.090.1(3) forgery where no tangible thing has either been made or altered so as to purport to have a genuineness or authorship that it does not possess. The State has identified no case where the absence of authority to enter into a transaction alone can constitute forgery in violation of section 570.090.1(3).
Looking at the language of section 570.090.1(3) to ascertain the intent of the legislature and considering the words in their plain and ordinary meaning, we reject the broad interpretation of section 570.090.1(3) advocated by the State that any transaction whatsoever-whether the transaction was consummated with an alteration to a tangible thing or not-made *451 by a person without the authority to make the transaction would constitute forgery . While such conduct may constitute a crime, it does not constitute the crime of forgery pursuant to section 570.090.1(3). Instead, the plain language of section 570.090.1(3) requires that only a tangible thing that can be made or altered as to its physical appearance may be the subject of forgery. Here, there was no such tangible thing whose physical appearance was altered.
Accordingly, the trial court did not err in granting Baker's Motion to dismiss the felony forgery charge against Baker in the Amended Information, as the State failed to allege facts to charge the offense of section 570.090.1(3) forgery. Point II is denied.
In Point I, the State argues that the trial court erred in granting Baker's Motion to dismiss Count I of the Amended Information because the facts alleged were sufficient to charge forgery, in that the State could charge forgery, a more broad statute, or fraudulent use of a credit device, a more specific statute, at its discretion when the facts meet the elements of both crimes.
The State is correct that it has the right to elect to proceed under either the forgery statute or fraudulent use of a credit device statute if the facts support either charge. See State v. Grady , 691 S.W.2d 301, 303 (Mo. App. E.D. 1985).
The legislature has not made § 570.130 [fraudulent use of a credit or debit device] limiting of § 570.090 [forgery]. If the legislature intended § 570.130 or § 570.090 to be exclusive remedies for credit card fraud, "it would have been a simple matter to have declared the same.... The fact that the accused is charged and the evidence supports a conviction, under a statute carrying a more severe penalty, provides no defense to an accused[.] The fact that substantially the same conduct may amount to an offense under another statute does not render the other statute invalid...."
Id. (internal citations omitted). Here, however, as we have already discussed in our analysis of Point II, the State did not allege facts supporting the forgery charge as alleged in its Amended Information. That the trial court may have chastised the State for failing to charge Baker under the only statute that the trial court believed was applicable under the facts presented is immaterial to whether the trial court erred in dismissing the subject forgery charge. Simply put, while the facts of this case may support a charge of fraudulent use of a credit or debit device pursuant to section 570.130, the facts do not support a charge of forgery pursuant to section 570.090.1(3). Hence, the discussion in Grady is inapposite to the present case.
Point I is denied.
Conclusion
The judgment of the trial court is affirmed.
Alok Ahuja and Edward R. Ardini, Jr., Judges, concur.

In order to protect the minor victim's privacy, this Court will refer to her by her initials. See § 595.226. No disrespect is intended. All statutory citations are to RSMo 2016.

The facts as set forth are taken in large part from the State's factual basis supporting the forgery count at Baker's plea hearing.

Unlike Count I of the Amended Information, Count I of the First Information alleged a violation of section 570.090.1(1), which criminalizes the forgery of a "writing." As we discuss in our analysis of Point III, after seeking leave to amend its information to charge Baker with violation of section 570.090.1(3), instead of section 570.090.1(1), the State took affirmative steps to abandon its attempt to pursue criminal charges against Baker pursuant to section 570.090.1(1).

All rule references are to I Missouri Court Rules-State (2017).

This argument is based upon State v. Melvin , 166 Mo. 565, 66 S.W. 534, 535 (Mo. 1902) ("The first [indictment] is merely suspended, but new life and validity may be imparted to it by the removal of the obstacle which caused the suspension, to wit, the second indictment, as was done in this case, by quashing it on the record."). Melvin does not, however, address the scenario we are presented with-the State both taking affirmative steps to abandon the First Information and inviting the error it now complains of on appeal.

Count I of the Amended Information alleged only that Baker had violated section 570.090.1(3), which addresses the forgery of "anything other than a writing." Section 570.090.1(1), which was not referenced in the Amended Information, separately criminalizes the forgery of a "writing," which is defined in section 570.010(25) to include "printing, any other method of recording information, money, coins, negotiable instruments, tokens, stamps, seals, credit cards, badges, trademarks and any other symbols of value, right, privilege or identification." Because the Amended Information did not invoke section 570.090.1(1), we do not address whether Baker's conduct could constitute the forgery of a "writing" in violation of that statutory provision.

The State need only prove the "general intent to defraud" which is implied by the act of forgery itself and may also be inferred from the circumstances. See State v. Johnson , 855 S.W.2d 470, 473 (Mo. App. W.D. 1993).