

# In the Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| TEQUEA FISHER, | ) | |
| Appellant, | ) | WD82030 |
| v. | ) | |
| | ) | FILED: July 23, 2019 |
| H&H MOTOR GROUP, LLC., | ) | |
| Respondent. | ) | |

## APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE GREGORY B. GILLIS, JUDGE

### BEFORE DIVISION TWO: LISA WHITE HARDWICK, PRESIDING JUDGE,
### THOMAS H. NEWTON AND MARK D. PFEIFFER, JUDGES

Tequea Fisher appeals the judgment denying her claims that H & H Motor Group, LLC ("H & H Motors") violated the Missouri Merchandising Practices Act ("MMPA") by selling her a defective motor vehicle without clear title. The court initially entered a judgment in favor of Fisher before replacing it with a judgment in favor of H & H Motors. On appeal, Fisher contends the circuit court erred in replacing its initial judgment without providing her an opportunity to be heard. Fisher further argues that, if the second judgment was entered correctly, the court erred in finding that H & H Motors committed no unlawful acts under the MMPA.

For reasons explained herein, we vacate the circuit court's judgment and remand for proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL HISTORY**

H & H Motors purchased a 2003 Ford Explorer at an automobile auction. After purchasing the vehicle, H & H Motors received a certificate of title indicating the vehicle was previously owned by two individuals. The portion of the certificate assigning ownership rights to H & H Motors, however, contained only a signature from a single owner. Shortly thereafter, Fisher purchased the vehicle "as is" in a separate transaction from H & H Motors. The bill of sale stated that H & H Motors was the true and lawful owner of the vehicle and that title was transferred free of any liens or encumbrances.

Almost immediately after purchasing the vehicle, Fisher discovered several mechanical issues that left the automobile intermittently operational. Fisher also attempted to register the vehicle with the Missouri Department of Revenue but was informed that the title was defective because the document was not signed by both owners listed on the face of the title. Fisher notified H & H Motors about the mechanical issues and the title deficiencies and requested a refund of the purchase price, but H & H Motors refused.

Subsequently, Fisher filed a First Amended Petition alleging that H & H Motors had violated the MMPA by: (1) failing to provide a valid title as

2

contemplated by Section 301.210.4, RSMo Cum. Supp. 2016;[1] and (2) concealing, suppressing, and omitting material vehicle defects. After a one-day bench trial, the circuit court informed the parties it would take the matter under advisement and requested that each provide proposed findings of fact and conclusions of law. On July 12, 2018, the circuit court entered a judgment in favor of Fisher on the MMPA claims and awarded her $10,728 in actual damages and $32,184 in punitive damages. The judgment was essentially identical to the proposed findings and conclusions provided by Fisher. However, on August 6, 2018, the circuit court deleted the initial judgment from the record and entered a new judgment in favor of H & H Motors. Fisher appeals.

## STANDARD OF REVIEW

Where there are no factual matters in dispute, we review the circuit court's application of the rules of the Supreme Court of Missouri *de novo*. *McGuire v. Kenoma, LLC*, 447 S.W.3d 659, 662 (Mo. banc 2014).

## ANALYSIS

In Point I, Fisher contends that the circuit court erred in entering the second judgment in favor of H & H Motors because it did so without first giving her an opportunity to be heard as required by Rule 75.01. In response, H & H Motors asserts the second judgment was an order nunc pro tunc, as contemplated by Rule

---

[1] Unless otherwise indicated, all statutory references are to the Revised Statutes of Missouri 2000, as updated by the 2016 Cumulative Supplement.

74.06(a), and did not require that the circuit court to hear any further argument prior to modifying its previous judgment.

In recognizing the limited control a circuit court may exercise over a judgment after its entry, the Missouri Supreme Court explained the distinction between the authority that a court maintains under Rule 75.01 and its power to enter nunc pro tunc orders. *Pirtle v. Cook*, 956 S.W.2d 235, 239-43 (Mo. banc 1997). At common law, circuit courts sat in terms and retained plenary power to amend a judgment until the term in which the judgment was granted came to an end. *Id.* at 239. While circuit courts no longer hear cases in terms, a modified version of the common law power to amend a previous judgment remains and has been codified in Rule 75.01, *Id.* at 239-40, which states, in pertinent part, that the circuit court "retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time."

The authority to enter an order nunc pro tunc, in contrast, "is a common law power derived from a court's inherent and continuing jurisdiction over its records." *Dobson v. Riedel Survey & Eng'g Co.*, 973 S.W.2d 918, 922 (Mo. App. 1998). "This jurisdiction *exists independently* from the court's jurisdiction over its cause or its judgment." *Pirtle*, 956 S.W.2d at 240 (emphasis added). "The power to issue nunc pro tunc orders, however, constitutes no more than the power to make the record conform to the judgment already rendered; it cannot change the judgment

4

itself." *Id.* Because a nunc pro tunc order is only entered to cause the judgment to conform with that which was actually done by the circuit court, it may be entered at any time and without notice or an opportunity to be heard. *Id.* at 241.

When characterizing a court's order, we must determine whether the order amends the original judgment or merely corrects the record. *Dobson*, 973 S.W.2d at 922. This determination, as discussed in *Pirtle*, "is not made on a level playing field[,]" and we indulge a presumption that there are no clerical errors contained within a judgment. 956 S.W.2d at 243. "If the presumption is not rebutted, then any order that changes the record is presumed to change the judgment as well." *Id.* This presumption embodies the belief that "[i]t simply is not a good idea to allow a judge unlimited liberty to go around changing the terms of judgments when the judge concludes that the judgment is erroneous." *Dobson*, 973 S.W.2d at 922. To defeat this presumption, "[t]he party seeking to show that an order is an order nunc pro tunc must show that the original judgment entry did not accurately reflect the court's actual judgment and that the subsequent order merely caused the record to conform to the true judicial determination of the parties' rights." *Pirtle*, 956 S.W.2d at 243. Further, evidence of a clerical error must be readily apparent from a review of the record. *Dobson*, 973 S.W.2d at 922.

The record before us is silent concerning the reasoning or necessity for the second judgment. The first judgment was deleted from the record and neither party has provided this court with any writing or contemporaneous docket entry that evidences that the second judgment was merely the correction of a clerical

5

error.  H & H Motors asserts that the second judgment was issued as an order nunc pro tunc because the court sent the parties an email, in conjunction with its act of deleting the first judgment, stating that the first entry was made as the result of a clerical error.  That email, however, is not included in the record. It therefore cannot assist H & H Motors because "the record must in some way show, either from the judge's minutes, the clerk's entries, or some paper in the cause, the facts authorizing such entries, and no such entries can be made from the memory of the judge, nor on parol proof derived from other sources."  *Warren v. Drake*, 570 S.W.2d 803, 806 (Mo. App, 1978) (citation and quotations omitted).

Even if the circuit court believed that it had rendered the first judgment in error, it could not enter the second judgment by way of an order nunc pro tunc because the act of striking and reentering judgment in favor of H & H Motors did not force the written judgment to conform to a previously rendered judgment; instead the court's second order modified the substantive rights of the parties as previously declared in the first judgment.  *See e.g.*, *Pirtle*, 956 S.W.2d at 240-43. An order nunc pro tunc is not the proper vehicle for such a change, and entry of the second judgment in the absence of Fisher having opportunity to be heard was improper pursuant to rule 75.01.  *See id*.  Thus, Point I is granted.

Fisher asserts that the proper remedy for the circuit court's violation of Rule 75.01 is to declare that the August 6 judgment is null and void and for this court to enter the July 12 judgment that awarded Fisher damages.  As the August 6

6

judgment was entered within the thirty day period contemplated by Rule 75.01, but was done so without giving Fisher notice or an opportunity to be heard the court retained jurisdiction but lacked the authority to modify the judgment. *See State ex rel. Hawley v. Pilot Travel Ctrs., LLC*, 558 S.W.3d 22, 29 (Mo. banc 2018). The second judgment is therefore not void but, instead, *voidable* because:

> [when] the power of the court to act is subject to certain limitations, named, then the judgment of the court rendered in violation of the things stated, or contrary to the limitations named, then such order or judgment of the court is not void for want of jurisdiction, but voidable only.

*Id.* at 29-30 (quoting *Smith v. Black*, 132 S.W. 1129, 1132-33 (Mo 1910)). "[A] judgment which is voidable is capable of confirmation or ratification, and until superseded, reversed, or vacated, it is binding and enforceable." *Id.* at 30 (alteration in original) (quoting 46 Am. Jur. 2d *Judgments* § 24 (2018)). As such, the circuit court's August 6 judgment, although entered without authority, was the judgment of the court until it was challenged by Fisher. *See id* at 29-30.

We, therefore, vacate the circuit court's second entry of judgment and remand the cause back to the circuit court with instructions that the court reenter the July 12, 2018, judgment.[2] After the court reenters the judgment in compliance with our instructions, the parties will have the right to file any authorized post-trial motions and appeal the court's judgment. In the event that either party decides to

---

[2] For the sake of clarity, the July 12, 2018, judgment refers to the document entitled "Plaintiff Tequea Fisher's Proposed Findings of Fact and Conclusions of Law," which was signed and filed by the circuit court.

7

file any post-trial motion or appeal, calculations of timeliness will be made from the date the circuit court reenters the first judgment. Based on our disposition of Fisher's first point on appeal, we need not reach her remaining claims of error as they all concern the merits of the second judgment. Therefore, Points II, III, and IV are denied as moot.

### CONCLUSION

The judgment of the circuit court is vacated and this cause is remanded for further proceedings consistent with this opinion.

_____
**LISA WHITE HARDWICK, JUDGE**

ALL CONCUR.